dUNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04 CV 10746 JLT

IVAN SANTIAGO,
    Plaintiff

v.

WILLIAM J. FEENEY, MARCUS EDDINGS, and the CITY OF BOSTON,
    Defendants

## DEFENDANT CITY OF BOSTON'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Now comes the Defendant City of Boston and answers the Plaintiff's Complaint as follows:

### COMPLAINT

1. The Defendant City of Boston considers paragraph one of the Complaint as introductory only and not requiring a response. To the extent that paragraph one alleges facts, the Defendant denies such allegations.

### JURISDICTION

2. The Defendant City of Boston considers paragraph two as a pure conclusion of law for which no response is required. To the extent there are factual allegations deemed inherent in the jurisdictional statement, the same are denied.

### PARTIES

3. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph three of the Complaint.

4. The Defendant City of Boston admits the allegations contained in paragraph four of the Complaint.

5. The Defendant City of Boston admits the allegations contained in paragraph five of the Complaint.

6. The Defendant City of Boston admits the allegations contained in paragraph six of the Complaint.

1

## **FACTS**

7. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven of the Complaint.

8. The Defendant City of Boston admits the allegations contained in paragraph eight of the Complaint.

9. The Defendant City of Boston admits the allegations contained in paragraph nine of the Complaint.

10. The Defendant City of Boston admits that Rolando Lugo told the police that he had drugs secreted anally; that officers told Lugo to remove the drugs; and that he revealed drugs hidden in a stuffed animal. The Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegation that Rolando Lugo did not want his innocent sister to have her baby taken away, and denies the remaining allegations contained in paragraph ten of the Complaint.

11. The Defendant City of Boston admits the allegations contained in paragraph eleven of the Complaint.

12. The Defendant City of Boston admits that the Plaintiff Santiago was searched, but is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve of the Complaint.

13. The Defendant City of Boston admits that Officer Eddings took the Plaintiff into the bathroom and uncuffed him but denies that he shut the door.

14. The Defendant City of Boston admits the allegations contained in paragraph fourteen of the Complaint.

15. The Defendant City of Boston admits the allegations contained in paragraph fifteen of the Complaint.

16. The Defendant City of Boston denies the allegations contained in paragraph sixteen of the Complaint.

17. The Defendant City of Boston admits the allegations contained in paragraph seventeen of the Complaint.

18. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eighteen of the Complaint.

19. The Defendant City of Boston denies that a pair of gloves were left in the bathroom and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nineteen of the Complaint.

20. The Defendant City of Boston denies the allegations contained in paragraph twenty of the Complaint.

21. The Defendant City of Boston denies the allegations contained in paragraph twenty-one of the Complaint.

22. The Defendant City of Boston denies the allegations contained in paragraph twenty-two of the Complaint.

23. The Defendant City of Boston admits the allegations contained in paragraph twenty-three of the Complaint.

24. The Defendant City of Boston denies the allegations contained in paragraph twenty-four of the Complaint.

25. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-five of the Complaint.

## COUNT I
## VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT POLICE OFFICERS

Paragraphs twenty-six and twenty-seven contain allegations against a Defendant other than the City of Boston, and therefore no response from the City of Boston is required. To the extent paragraphs twenty-six and twenty-seven are construed to allege facts, Defendant City of Boston denies the same.

## COUNT II
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT: M.G.L. C.12, §11I BY DEFENDANT POLICE OFFICERS

Paragraphs twenty-eight and twenty-nine contain allegations against a Defendant other than the City of Boston, and therefore no response from the City of Boston is required. To the extent paragraphs twenty-eight and twenty-nine are construed to allege facts, Defendant City of Boston denies the same.

## COUNT III
## VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT CITY OF BOSTON

30. The Defendant City of Boston repeats and incorporates its answers to paragraphs one through twenty-nine.

31. The Defendant City of Boston denies the allegations contained in paragraph thirty-one of the Complaint.

32. The Defendant City of Boston denies the allegations contained in paragraph thirty-two of the Complaint.

33. The Defendant City of Boston denies the allegations contained in paragraph thirty-three of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant states that the injury or damage alleged in Plaintiff's complaint was neither caused nor proximately caused by Defendant.

### Second Affirmative Defense

Defendant states that Plaintiff's complaint fails to state a claim upon which relief may be granted.

### Third Affirmative Defense

Defendant states that Plaintiff has not been deprived of any rights secured by either the Constitution or the laws of the United States or Commonwealth of Massachusetts.

### Fourth Affirmative Defense

Defendant states that at all times relevant hereto, it acted in accordance with all relevant laws of the United States and the Commonwealth of Massachusetts.

### Fifth Affirmative Defense

Defendant states that Plaintiff, by his own acts, omissions, conduct and activities is estopped from asserting any claim against it.

### Sixth Affirmative Defense

Defendant states that no act or omission by it was a proximate cause of damages, if any, allegedly sustained by Plaintiff.

<u>Seventh Affirmative Defense</u>

Plaintiff's complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. §1983, because it fails to show any factual connection between any alleged, unconstitutional custom, policy or practice of the City and the violation of Plaintiff's constitutional rights.

<u>Eighth Affirmative Defense</u>

Defendant City of Boston states that punitive damages are not recoverable against a municipality.  <u>Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247 (1981).

**JURY CLAIM**

The Defendant City of Boston hereby demands a trial by jury on all counts and causes of action.

Respectfully submitted,

DEFENDANT, CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel
By its attorney,


S/Stephen G. Cox
_____
Stephen G. Cox
Assistant Corporation Counsel
BBO# 566943
City of Boston Law Department
Room 615, Boston City Hall
Boston, Massachusetts 02201
(617) 635-4064