UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   04 CV 10746 JLT

IVAN SANTIAGO,
    Plaintiff

v.

WILLIAM J. FEENEY, MARCUS EDDINGS, and the CITY OF BOSTON,
    Defendants

## DEFENDANT WILLIAM FEENEY'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Now comes the Defendant William Feeney and answers the Plaintiff's Complaint as follows:

## COMPLAINT

1. The Defendant William Feeney considers paragraph one of the Complaint as introductory only and not requiring a response. To the extent that paragraph one alleges facts, the Defendant denies such allegations.

## JURISDICTION

2. The Defendant William Feeney considers paragraph two as a pure conclusion of law for which no response is required. To the extent there are factual allegations deemed inherent in the jurisdictional statement, the same are denied.

## PARTIES

3. The Defendant William Feeney alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph three of the Complaint.

4. The Defendant William Feeney admits the allegations contained in paragraph four of the Complaint.

5. The Defendant William Feeney admits the allegations contained in paragraph five of the Complaint.

6. The Defendant William Feeney admits the allegations contained in paragraph six of the Complaint.

## **FACTS**

7. The Defendant William Feeney alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven of the Complaint.

8. The Defendant William Feeney admits the allegations contained in paragraph eight of the Complaint.

9. The Defendant William Feeney admits that the target of the investigation, Rolando Lugo, was arrested, and alleges that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph nine of the Complaint.

10. The Defendant William Feeney admits that Rolando Lugo told the police he had drugs hidden in his pants; that he was unhandcuffed and told to take them out; and that he revealed drugs hidden in a stuffed animal. Defendant Feeney is without knowledge or information sufficient to form a belief as to the truth of the allegation that Lugo did not want his innocent sister to have her baby taken away, and denies the remaining allegations contained in paragraph ten of the Complaint.

11. The Defendant William Feeney admits the allegations contained in paragraph eleven of the Complaint.

12. The Defendant William Feeney admits that he ordered Defendant Eddings to search the Plaintiff Santiago, but alleges that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph twelve of the Complaint.

13. The Defendant William Feeney admits that Defendant Eddings took the Plaintiff into the bathroom but alleges that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph thirteen of the Complaint.

14. The Defendant William Feeney alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen of the Complaint.

15. The Defendant William Feeney alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifteen of the Complaint.

16. The Defendant William Feeney alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixteen of the Complaint.

17. The Defendant William Feeney admits that the Plaintiff walked out of the bathroom in handcuffs.

18. The Defendant William Feeney alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eighteen of the Complaint.

19. The Defendant William Feeney alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nineteen of the Complaint.

20. The Defendant William Feeney denies the allegations contained in paragraph twenty of the Complaint.

21. The Defendant William Feeney denies the allegations contained in paragraph twenty-one of the Complaint.

22. The Defendant William Feeney denies the allegations contained in paragraph twenty-two of the Complaint.

23. The Defendant William Feeney admits the allegations contained in paragraph twenty-three of the Complaint.

24. The Defendant William Feeney denies the allegations contained in paragraph twenty-four of the Complaint.

25. The Defendant William Feeney alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-five of the Complaint.

## COUNT I
## VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT POLICE OFFICERS

26. The Defendant William Feeney repeats and incorporates his answers to paragraphs one through twenty-five.

27. The Defendant William Feeney denies the allegations contained in paragraph twenty-seven of the Complaint.

## COUNT II
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT: M.G.L. C.12, §11I BY DEFENDANT POLICE OFFICERS

28. The Defendant William Feeney repeats and incorporates his answers to paragraphs one through twenty-seven.

29.  The Defendant William Feeney denies the allegations contained in paragraph twenty-nine of the Complaint.

### COUNT III
### VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT CITY OF BOSTON

Paragraphs thirty through thirty-three contain allegations against a Defendant other than William Feeney, and therefore no response from William Feeney is required. To the extent paragraphs thirty through thirty-three are construed to allege facts, Defendant William Feeney denies the same.

### AFFIRMATIVE DEFENSES

#### First Defense

Defendant William Feeney states that he was justified in his acts or conduct and that therefore the Plaintiffs cannot recover.

#### Second Defense

By way of affirmative defense, the Defendant states that no act or omission by him was a proximate cause of damages allegedly sustained by the Plaintiff.

#### Third Defense

Defendant William Feeney states that his acts and conduct were performed according to, and protected by, law and/or legal process, and that therefore the Plaintiffs cannot recover.

#### Fourth Defense

Defendant William Feeney states that at all times pertinent to this action, he acted in good faith and belief that all actions were in accordance with the laws of the Commonwealth of Massachusetts and United States of America.

#### Fifth Defense

Defendant William Feeney states that the Plaintiff has failed to state a claim upon which relief can be granted.

#### Sixth Defense

Defendant William Feeney states that any injury or damage suffered by the Plaintiff was caused by others for whose conduct the Defendant is not responsible.

Seventh Defense

The actions of the Defendant William Feeney are entitled to protection by a grant of qualified immunity.

Eighth Defense

Defendant William Feeney states that he is immune from suit while engaging in discretionary functions.

Ninth Defense

Defendant William Feeney states that at all times relevant to this Complaint he acted upon probable cause based upon reasonable grounds and that the circumstances justified his conduct.

## JURY CLAIM

The Defendant William Feeney hereby demands a trial by jury on all counts and causes of action.

Respectfully submitted,

DEFENDANT, WILLIAM FEENEY
Merita A. Hopkins
Corporation Counsel
By its attorney,

S/Stephen G. Cox
_____
Stephen G. Cox
Assistant Corporation Counsel
BBO# 566943
City of Boston Law Department
Room 615, Boston City Hall
Boston, Massachusetts 02201
(617) 635-4064