UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04 CV 10746 JLT

IVAN SANTIAGO,
  Plaintiff

v.

WILLIAM J. FEENEY, MARCUS EDDINGS, and the CITY OF BOSTON,
  Defendants

## STIPULATION OF THE PARTIES REGARDING PROTECTIVE ORDER.

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Parties to this action, by and through their respective counsel, hereby stipulate that that they have agreed to the terms of the Protective Order attached hereto, and they hereby submit said Protective Order to the Court for endorsement and docketing.

Respectfully submitted,

| | |
|---|---|
| PLAINTIFF IVAN SANTIAGO<br>By his attorney: | DEFENDANTS WILLIAM J. FEENEY, MARCUS EDDINGS, and the CITY OF BOSTON<br>By their attorney: |
| S/ Stephen Hrones<br>_____<br>Stephen Hrones, Esq. BBO#242860<br>Hrones & Garrity<br>Lewis Wharf, Bay 232<br>Boston, MA  02110<br>(617) 227-4019 | S/ Stephen G. Cox<br>_____<br>Stephen G. Cox  BBO# 566943<br>Assistant Corporation Counsel<br>City of Boston Law Department<br>Room 615, City Hall<br>Boston, MA 02201<br>(617) 635-4064 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   04 CV 10746 JLT

| | |
|---|---|
| IVAN SANTIAGO,<br>        Plaintiff<br><br>v.<br><br>WILLIAM J. FEENEY, MARCUS<br>EDDINGS, and the CITY OF BOSTON,<br>        Defendants | |

## PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties to this action, by and through their respective counsel, assent and enter into the following Protective Order.

1. For the purposes of this case "confidential information" shall be information designated by Defendants William J. Feeney, Marcus Eddings, and the City of Boston  (hereinafter "Defendants") that is sensitive information generally unavailable to the public, not readily determinable from other sources, and treated as confidential by Defendants by reasons of privacy rights.

    *Specifically*, confidential information in this case consists of:

    **1.   Defendant William J. Feeney's Boston Police Department Personnel File;**
    **2.   Defendant Marcus Eddings Boston Police Department Personnel File;**
    **3.   Confidential IAD Assessment regarding IAD Case #101-03 (3 pages);**
    **4.   "Investigation/Finding" portion of the Memorandum dated 10/20/03, from Sergeant Det. Anthony Feudo to Deputy Superintendent Marie Donahue re: IAD Case #101-03, Complaint #5119 (24 pages).**

2. All documents and information deemed by Defendants to be confidential under ¶1 herein above which are produced in discovery in the future shall be marked "Confidential, pursuant to Court Order in Case No. **04 CV 10746 JLT** in the United States District Court." [1]

---

[1] A party identifying a group of documents as Confidential Information need not mark each page within the group, but may instead make a collective designation by marking the initial page, including  reference to the total number of pages to be identified thereby as Confidential Information.

3. If a party seeks to establish that certain documents or information (or categories of documents or information) designated as confidential, previously or in the future, are not entitled to such status and protection, he or she shall inform counsel for Defendants of the basis for his or her objection. Within ten days thereafter, if the parties cannot resolve the dispute, Defendants shall bring the matter to the Court for resolution, and bear the burden of establishing that a protective order concerning such documents or information is appropriate. See Anderson v. Cryovac, 805 F.2d 1 (1st Cir. 1986).

4. All documents or information, whether or not confidential, produced in discovery by Defendants shall not be disclosed or used by anyone other than Defendants for any purpose other than in connection with the preparation for trial and litigation of this case. If anyone subject to this Order other than Defendants wishes to disclose or use any documents or information produced by Defendants for any other purpose, he or she shall first request permission from Defendants and, if permission is not granted, may apply to this Court to request authority to do so.

5. Except with the prior written consent of Defendants, no document or information designated as confidential may be disclosed to any person, except that documents and information designated as confidential may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein; to parties or representatives of the parties who are assisting counsel in the conduct of the litigation; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Such documents may also be disclosed:

   (a) to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

   (b) to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and provided to opposing counsel a form containing:

      (i) a recital that signatory has read and understands this Order;

        (ii)    a recital that the signatory understands that unauthorized disclosures of the documents or information designated as confidential may constitute contempt of Court; and

        (iii)    a statement that the signatory consents to the exercise of personal jurisdiction by this Court.

6    (a)    A deponent may during the deposition be shown, and examined about, documents or information designated as confidential if deponent already knows the confidential information contained therein. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 5(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially confidential documents.

    (b)    Parties (and deponents) may, within 30 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential-Subject to protection pursuant to Court Order." Until expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

7.    If another Court or an administrative agency subpoenas or orders production of stamped confidential documents or information subject to the terms of this Order, such party shall promptly notify Defendants of the tendency of such subpoena or order.

8.    Any pleadings or related documents containing information and documents which have been designated as confidential pursuant to this Order shall be filed temporarily under seal with a statement whether the filing party requests the submission remain sealed. If such a request is made, it shall be accompanied by a memorandum addressing the applicable standards for denying public access. See Federal Trade Commission v. Standard Financial Management Corp., 830 F. 2d 4040 (1st Cir. 1987). The opposing party shall respond to this memorandum within ten (10) days after service.

9.    Unless otherwise ordered, the provisions of this Order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of

      this litigation, documents and information designated as confidential, and all copies of same (other than exhibits of record), shall be returned to Defendants or the person who produced such documents or, at the option of the producer (if it retains at least one copy of the same) destroyed.  Each party or his or her counsel shall make certification of compliance herewith and shall deliver the same to counsel for Defendants not more than 150 days after the final termination of this litigation.

10. This order is limited to the pretrial phase of this litigation and issues relating to confidentiality and public access to information presented at trial will be addressed separately, if necessary.  This Order shall not, however, restrict dissemination of any information if gained from a source other than documents or information produced by Defendants in discovery.


_____
Honorable Joseph L. Tauro
United States District Court


_____
Date