UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   04 CV 10746 JLT

IVAN SANTIAGO,
    Plaintiff

v.

WILLIAM J. FEENEY, MARCUS EDDINGS, and the CITY OF BOSTON,
    Defendants

### DEFENDANT, CITY OF BOSTON'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Defendant City of Boston ("City") incorporates by reference the facts set forth in the Defendants' Local Rule 56.1 Statement of Facts.  Plaintiff, Ivan Santiago ("Plaintiff") filed suit against Defendants Marcus Eddings, William Feeney, and the City in April 2004.  The Plaintiff alleges that on March 20, 2003, Defendant Eddings, at the direction of Defendant Feeney, conducted a strip search and a body cavity search of his person.  (Ex. A, at ¶¶14-16).

In Count I of his Complaint, the Plaintiff alleges that by conducting a strip search and a body cavity search, Defendants Eddings and Feeney deprived him of his right to be free from unreasonable searches and seizures in violation of 42 U.S.C. §1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.  (Ex. A, at ¶27).  Count II of the Plaintiff's Complaint alleges that by conducting a strip search and a body cavity search, Defendants Eddings and Feeney violated the Plaintiff's civil rights under M.G.L. c.12, §11I, by threats, intimidation and coercion.  (Ex. A, at ¶29).

1

Count III of the Plaintiff's Complaint alleges municipal claims against the City. (Ex. A, at ¶30-33). The Plaintiff alleges that the City: (1) has a custom and policy of deliberate indifference to the rights of its citizens by not adequately training and supervising its police officers as to proper search procedures in executing warrants in drug investigations; (2) has a custom and policy of deliberate indifference to the rights of its citizens by not adequately investigating citizens' complaints against its police officers, nor taking prompt disciplinary action against officers who violate the rights of citizens; and (3) has a custom and policy of deliberate indifference to the rights of its citizens by not adequately supervising officers who are prone to conducting illegal strip-searches in spite of a Boston Police Regulation that severely limits the authority to conduct such searches. (Ex. A, at ¶¶31-33).

The City moves for partial summary judgment as to Count III of the Plaintiff's Complaint insofar as that Count is based on the strip search of the Plaintiff. The City denies that a body cavity search took place and thus there remains an issue of material fact as to that allegation and any municipal liability that may attach as a consequence.

## ARGUMENT

I. **THE APPLICABLE STANDARD.**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). A party seeking summary judgment must make a preliminary showing that no genuine issue of material fact exists. Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995), cert. denied,

515 U.S. 1103 (1995). Once the movant has made such a showing, the nonmovant must point to specific facts demonstrating that there is, indeed, a trialworthy issue. Id.

A fact is "material" if it has the "potential to affect the outcome of the suit under the applicable law," Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000), and a "genuine" issue is one supported by such evidence that "a reasonable jury, drawing favorable inferences, could resolve it in favor of the nonmoving party." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) (quoting Smith v. F.W. Morse & Co., 76 F.3d 413, 428 (1st Cir. 1996)). "Conclusory allegations, improbable inferences, and unsupported speculation," are insufficient to establish a genuine dispute of fact. Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

**II.    THE PLAINTIFF'S CLAIM OF § 1983 CIVIL RIGHTS VIOLATION SHOULD BE DISMISSED AS A MATTER OF LAW BECAUSE HIS FEDERAL CONSTITUTIONAL RIGHTS WERE NOT VIOLATED.[1]**

The City cannot be liable to the Plaintiff for having a custom or policy that caused constitutional violations unless a constitutional violation occurred. In this case, the Plaintiff's constitutional rights were not violated, since the search of the Plaintiff was pursuant to a valid warrant, and the strip search was based on reasonable suspicion. The Plaintiff's municipal claims must therefore fail. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)(holding that municipal and supervisory liability are "quite beside the point" when no constitutional injury has occurred at the hands of the police officer).

---

[1] The constitutionality of the search and strip search of the Plaintiff is discussed in detail in *Defendant Marcus Eddings and William Feeney's Memorandum of Law In Support of Their Motion For Summary Judgment,* Section II.A, which the City incorporates by reference. Here, the City merely presents those arguments in summary form.

3

As to the search of the Plaintiff, on March 14, 2003, first assistant clerk magistrate Patricia F. McDermott signed Officer Quinn's Affidavit and issued a search warrant. (Ex. F, at 1-2). The Search Warrant was pre-approved by Assistant District Attorney Michael Cornelius. (Ex. G, at 1). In addition to commanding officers to search for specifically described property, the warrant also commanded officers "to search any person present who may be found to have such property in his or her possession or under his or her control or to whom such property may have been delivered," precisely the language in the Quiles warrant. (Ex. F, at 2). When the warrant was executed at 58 Cheney Street, Apt. #5, the target of the search, Rolando Lugo, was present. (Ex. G, at 1). Other persons in the apartment were Jacqueline Lugo, her son Gabriel, and Plaintiff Ivan Santiago. (Ex. G, at 1-2). As in Quiles v. Kilson, 337 F. Supp. 2d 224, 229 (2004), the search of the Plaintiff did not violate his Fourth Amendment rights, since the police had a valid "all persons" warrant, which allowed them to search "any person present" in the apartment.

As to the strip search of the Plaintiff, based on the totality of the circumstances, Defendants Eddings and Feeney had sufficient reasonable suspicion that the Plaintiff was concealing drugs on his person. Using a confidential informant, there were three successful purchases of crack cocaine from inside of 58 Cheney Street, Apt. #5. (Ex. E, at 1-4). Heavy foot traffic to and from 58 Cheney Street, consistent with drug activity, was observed. Id. at 3. Officers had been informed that no males were listed as tenants of 58 Cheney Street, Apt. #5. (Ex. E, at 3). As officers were executing the warrant, a female from the apartment was heard shouting "Gabriel and Ivan, they're raiding, they're raiding!!!" (Ex. G, at 1; Ex. B, at 30:2-4; Ex. C, at 17:19-24). There was no response

from inside the apartment when police knocked and announced their presence, prompting officers to fear that evidence was being destroyed. (Ex. G, at 1). Once inside the apartment, the target of the search, Mr. Lugo, stated that there was ammunition and drug paraphernalia in the apartment, and that he also had some "drugs in his ass." (Ex. G, at 2). Mr. Lugo retrieved from his buttocks area a plastic bag containing six bags of crack cocaine. (Ex. G, at 2; Ex.C, at 8-19). A medium bag of cocaine was recovered from a stuffed animal. Id. at 3. All of these events occurred prior to the strip search of the Plaintiff. Thus, Defendants Eddings and Feeney had reasonable suspicion that the Plaintiff was concealing drugs on his person and the strip search was constitutional.

Since the search of the Plaintiff was pursuant to a valid warrant, and the strip search was based on reasonable suspicion, no constitutional violation occurred and the City is entitled to summary judgment as a matter of law.

**III. THE PLAINTIFF'S CLAIM OF § 1983 CIVIL RIGHTS VIOLATION SHOULD BE DISMISSED AS A MATTER OF LAW BECAUSE THE PLAINTIFF HAS FAILED TO IDENTIFY AN UNCONSTITUTIONAL CITY CUSTOM OR POLICY.**

Municipalities are not liable under Section 1983, either under ordinary applicable principals of vicarious liability or *respondeat superior*, merely because they employ a tortfeasor. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978). Municipalities may be subject to suit under Section 1983 only when there is a "direct causal link" between an official policy or custom of the city and an alleged constitutional violation. City of Canton v. Harris, 489 U.S. 378, 385 (1989). The plaintiff seeking damages for an incident resulting from an unconstitutional policy of a city must show either an official policy or a governmental "custom" that violates the Constitution. Id. If the plaintiff relies on a custom, rather than an official policy, the custom or practice must

5

be "so settled and widespread" that city officials can be said to have actual or constructive knowledge of it, yet to have done nothing to end it. Bordanaro v. McLeod, 871 F.2d 1151, 1156 (1st Cir. 1989).

Even if the Plaintiff could prove a constitutional deprivation, he cannot prevail against the City under 42 U.S.C. § 1983 because he cannot prove that the deprivation was caused by any unconstitutional City policy or custom.

In his Complaint, the Plaintiff makes bald and unsupported allegations that the City has a custom or policy reflecting a deliberate indifference to the rights of its citizens by not adequately training and supervising its police officers as to proper search procedures in executing warrants in drug investigations, and not adequately supervising officers who are "prone" to conducting illegal strip-searches.[2] (Ex. A, at ¶31, 33).

The liability criteria for "failure to train" claims are "exceptionally stringent." Hayden v. Grayson, 134 F.3d 449, 456 (1st Cir. 1998). Only if the failure to train "amounts to deliberate indifference to the rights of persons with whom the police come into contact" can the claim against the municipality prevail. Id. For this "deliberate indifference" to be established, the Plaintiff must present evidence that: (1) the City knew when it hired the defendants that the risk of future Fourth Amendment violations arising and recurring in execution of search warrants in drug cases was "so obvious" that its failure to train them therein likely would result in continued violations; or (2) even though the initial risk of recurring constitutional violations was not "so obvious," the City subsequently learned of a serious recurrence, yet took no action to provide the necessary

---

[2] The practical distinction between these two allegations is not clear, and thus both are considered together as a "failure to train and supervise" claim. Assuming the Plaintiff is attempting to argue that either Defendant Eddings or Defendant Feeney, or both, are "prone to conducting illegal strip-searches," there is simply no evidence to support such a claim. The City is not aware of any internal investigation or any Court decision that has held either has engaged in an illegal strip search.

6

training.  Id.; see City of Canton, 489 U.S. at 390 & n.10.  No such evidence exists as to either Defendant Eddings or Defendant Feeney.

The Plaintiff also cites no facts, nor do any exist, to support his allegation that the City has "a custom and policy of deliberate indifference to the rights of its citizens by not adequately investigating citizens' complaints against its police officers, nor taking prompt disciplinary action against officers who violate the rights of citizens." (Ex. A, at ¶¶31-33).  The Plaintiff's complaint itself was thoroughly investigated by the Boston Police Department's Internal Affairs Division ("IAD"), including three hundred and ninety-seven pages of interviews.  Even if any other complaints or resulting investigations somehow substantiated the Plaintiff's allegation, he cannot establish any relevance to the alleged constitutional violations in this case.

Furthermore, again even assuming that there was a constitutional violation, the isolated incident from which the Plaintiff tries to create customs or policies is inadequate to prove municipal liability.  "A single incident of misconduct, without other evidence, *cannot* provide the basis for municipal liability under [Section] 1983."  See Bordanaro v. McLeod, 871 F.2d 1151, 1161 n.8 (1st Cir. 1989)(emphasis added); See also, Armstrong v. Lamy, 938 F. Supp. 1018 (D. Mass 1996).  "[M]unicipal liability under Section 1983 attaches where--and only where--a deliberate choice to follow a course of action is made from among various alternatives" by city policymakers.  Harris, 489 U.S. 378, 389 (1989).  See also, Oklahoma City v. Tuttle, 471 U.S. at 823.

The Plaintiff's vague and conclusory allegations have no evidentiary support, and fall far short of the necessary requirements to establish municipal liability.  The City is therefore entitled to summary judgment as a matter of law.

IV.   **THE PLAINTIFF'S CLAIM OF § 1983 CIVIL RIGHTS VIOLATION SHOULD BE DISMISSED AS A MATTER OF LAW BECAUSE THE PLAINTIFF HAS FAILED TO ESTABLISH THAT THE ACTIONS OF THE CITY WERE THE MOVING FORCE BEHIND HIS ALLEGED INJURIES.**

Even assuming the Plaintiff can establish that a constitutional violation occurred, he must also demonstrate that through its deliberate conduct, the City was the *moving force* behind any alleged violation and resulting injury. See City of Canton, 489 U.S. at 397 (citing Monell, 436 U.S. at 694). To prove that a custom or policy is the "moving force" behind the alleged injury, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the injury. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, the Plaintiff here must show that the City's actions were culpably taken and that they demonstrate a direct causal link between that action and the Plaintiff's injury.

The Plaintiff has not met this burden. The only evidence the Plaintiff has put forth regarding his allegations are unsubstantiated claims that there was a custom and policy of deliberate indifference to the rights of its citizens in the form of training, supervision, and investigation. More importantly, even if such customs or policies existed, the Plaintiff has not produced nor can he produce any evidence that they were the *moving force* behind his injury. This lack of evidence hardly meets the rigorous standard of culpability and causation that is required. The Supreme Court "is very sensitive to the requirement of proving a 'causal link' between the town's policy and the alleged deprivation." Woodley, 645 F. Supp. at 1379-80 (citing e.g., Tuttle, 471 U.S. 808 (1985)). "Where a plaintiff claims that the municipality has not directly inflicted an

8

injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." Brown, 520 U.S. at 404 (citation omitted). To permit a lesser standard of fault "would result in de facto respondent superior liability on municipalities--a result…rejected in Monell." Harris, 489 U.S. at 392 (citing Monell, 436 U.S. at 693-94).

The Plaintiff has failed to prove and cannot prove that the City was the moving force behind any alleged constitutional violation or injury. The City is therefore entitled to judgment as a matter of law and summary judgment should be entered in its favor.

## CONCLUSION

Defendant City of Boston is entitled to partial summary judgment in its favor as to Count III of the Plaintiff's Complaint, insofar as that count is based on the strip search of the Plaintiff. Plaintiff Ivan Santiago's constitutional rights were not violated, the Plaintiff has failed to identify a City custom or policy of deliberate indifference to the rights of its citizens, and the Plaintiff has failed to establish that the actions of the City were the moving force behind his alleged injuries

**DEFENDANTS REQUEST AN ORAL ARGUMENT FOR THIS MOTION.**

Respectfully submitted,

DEFENDANT, CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel
By its attorney,


S/Stephen G. Cox
_____
Stephen G. Cox   BBO# 566943
Assistant Corporation Counsel
City of Boston Law Department
Room 615, Boston City Hall
Boston, Massachusetts 02201
(617) 635-4064


## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to L.R. D. Mass. 7.1(A)(2), I hereby certify that I have communicated with Attorney Stephen Hrones concerning Defendant City of Boston's Motion for Summary Judgment and that we were unable to resolve or narrow the issues prior to filing the above motion.

S/Stephen G. Cox
_____
Stephen G. Cox