

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IVAN SANTIAGO,<br>Plaintiffs,<br><br>v.<br><br>WILLIAM J FEENEY, MARCUS EDDINGS, and the CITY OF BOSTON,<br>Defendants | C.A No. _____<br><br>04 10746 JLT |

## COMPLAINT

1. This is an action for money damages for violations of the plaintiff's constitutional rights brought pursuant to 42 U.S.C. §1983. Plaintiff Ivan Santiago, an innocent person with no criminal record, alleges that the defendant, Marcus Eddings, with the authority of his supervisor, Defendant Sergeant Detective William J Feeney, conducted an anal cavity search of him in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the Massachusetts civil rights statute, M.G.L. c. 12, §11I.

## JURISDICTION

2. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and on the pendent jurisdiction of this court to entertain related claims arising under state law.

## PARTIES

3. Plaintiff Ivan Santiago is a resident of Boston.

4. Defendant William J Feeney is a Sergeant Detective in the Boston Police Department and was acting under color of law at all times relative to this Complaint, and is sued in his individual capacity.

1

5. Defendant Marcus Eddings is a police officer acting under color of law at all times relative to this Complaint and is sued in his individual capacity as a police officer for the defendant City of Boston.

6. Defendant City of Boston is a municipality.

## FACTS

7. The Plaintiff was visiting his girlfriend, Jacqueline Lugo, at 58 Cheney Street, Apartment #5, in the morning of March 20, 2003.

8. The Drug Control Unit Squads 2N + 6N, under the supervision of the Defendant Sgt. Det. William J. Feeney, executed a search warrant for this address.

9. The target of the investigation, Rolando Lugo, brother of Jacqueline Lugo, the tenant, was arrested.

10. After threatening to have the Department of Social Services ("DSS") take his sister's two-year-old baby away from her if she did not tell them where the drugs were, Rolando Lugo told the police that he had drugs secreted anally. He did not want his innocent sister to have her baby taken away. The officers told Lugo to remove the drugs and hand them to him. They made other threats and demanded that he turn over other drugs or he would do the maximum. He revealed drugs hidden in a stuffed animal.

11. The Plaintiff was handcuffed and frisked, and told to sit on a couch.

12. As the officers were leaving with Rolando Lugo under arrest, Defendant Feeney ordered the Defendant Eddings to strip-search the innocent Plaintiff Santiago who had no criminal record and no involvement in any drug activity.

13. The Defendant Eddings then took the Plaintiff into the bathroom and shut the door, and unhandcuffed him.

14. He ordered the Plaintiff to take off his clothes, piece by piece.

15. Then he directed the Plaintiff to turn around and bend over.

16. He proceeded to stick his finger from his gloved hand in the Plaintiff's anus and wiggled it around.

17. The Plaintiff was re-handcuffed and walked out of the bathroom.

18. Defendant Eddings told the other officers, "He's clean."

19. The Defendants left several pairs of gloves in the apartment when they left, as well as a pair in the bathroom.

20. The Defendants, in addition to violating the Plaintiff's constitutional rights, also violated Boston Police Rule 318(D)-(4) which requires that an officer, even when a person is in custody, have probable cause that an individual has contraband in order to conduct a strip-search.

21. As the Plaintiff was not in custody as that term is traditionally defined, the strip-search was especially egregious.

22. The Defendant Eddings also violated Rule 318 (D)-(5) in that he conducted a body cavity search without a "high degree of probable cause" and a search warrant, as required by regulations. The rule, in fact, does not allow a police officer to conduct a body cavity search even if warranted as it must only be done by a qualified medical professional.

23. The Plaintiff filed a compliant with the Boston Police Internal Affairs Division and the compliant against Sgt. Det. Feeney was "sustained" as to a violation of Rule 318(D)-(4).

24. Apparently, there is still a custom within the drug units of the Boston Police of illegal strip searches even in public domains, including invasive anal cavity searches in spite of a formal policy forbidding them.

25. The Plaintiff has suffered great emotional distress as a result of the Defendants' serious misconduct.

## COUNT I
## VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT POLICE OFFICERS

26. The Plaintiff restates the allegations in paragraphs 1 through 25 and incorporates said paragraphs herein as paragraph 26.

27. By the actions alleged in paragraphs 1 through 26, the Defendants deprived the Plaintiff his right to be free from unreasonable searches in violation of 42 U.S.C. §1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

## COUNT II
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT: M.G.L. c. 12, §11I BY DEFENDANT POLICE OFFICERS THOMAS FAY AND JANE DOE

28. The Plaintiff restates the allegations in paragraphs 1 through 27 and incorporates said paragraphs herein as paragraph 28.

29. By the actions described in paragraphs 1 through 28, the Defendants violated the Plaintiff's civil rights in violation of M.G.L. c. 12, §11I, by threats, intimidation, and violence.

## COUNT III
## VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT CITY OF BOSTON

30. The plaintiff restates the allegations in paragraphs 1 through 29 and incorporates said paragraphs herein as paragraph 30.

31. The City of Boston has a custom and policy of deliberate indifference to the rights of citizens by not adequately training and supervising its police officers as to proper search procedures in executing search warrants in drug investigations.

32. The City of Boston has a custom and policy of deliberate indifference to the rights of its citizens by not adequately investigating citizens' complaints against its police officers, nor taking prompt disciplinary action against officers who violate the rights of citizens.

33. The City of Boston has a custom and policy of deliberate indifference to the rights of its citizens by not adequately supervising officers who are prone to conducting illegal strip-searches in spite of a Boston Police Regulation that severely limits the authority to conduct such searches.

WHEREFORE, the plaintiff requests that this Court award:

1. Compensatory damages against all defendants;

2. Punitive damages against the individual police officer defendants;

3. The costs of this action, including reasonable attorneys' fees; and,

4. Such other and further relief, as this Court may deem necessary and appropriate.

### DEMAND FOR JURY TRIAL

A jury trial is hereby demanded.

Respectfully submitted
The Plaintiff Ivan Santiago,
By his attorneys,

_____
Stephen Hrones (BBO No. 242860)
HRONES & GARRITY
Lewis Wharf–Bay 232
Boston, MA 02110-3927
T)617/227-4019

Dated: April 13, 2004