UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.04 CV 10746 JLT

IVAN SANTIAGO,
    <u>Plaintiff</u>

v.

WILLIAM J. FEENEY and
MARCUS EDDINGS,
    <u>Defendants</u>

**<u>DEFENDANT WILLIAM FEENEY'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS UNDER FED.R.CIV.P. 12(C)</u>**

**I. <u>Introduction</u>**

    Plaintiff Ivan Santiago's remaining claims against Defendant William Feeney ("Feeney") should be dismissed. This Court (Tauro, J.) granted summary judgment to Feeney and Defendant Marcus Eddings ("Eddings") "as to Plaintiff's claims relating to the strip search." <u>Memorandum</u>, Document 37, July 26, 2005, p. 4. Therefore, the only remaining issue in this case is whether Eddings conducted a body cavity search by inserting his finger into Plaintiff's anus. <u>See</u> <u>Memorandum</u>, p. 4. Accordingly, there is no theory of supervisory liability upon which Feeney can be held liable.[1]

---

[1] Plaintiff brought his strip-search claim against Feeney under 42 U.S.C. § 1983 and the Mass Civil Rights Act.

1

## II. ARGUMENT

### A. Standard of Review

The rules allow for motions for judgment on the pleadings to be filed anytime so long as the motion does not delay the trial. Fed.R.Civ.P. 12(c).  This motion will not delay the trial scheduled to begin on November 6, 2006. In fact, the allowance of this motion will eliminate one of the two remaining defendants and avoid unnecessary use of the Court's and jury's time.

The applicable standard of review for a motion for judgment on the pleadings is essentially the same standard for evaluating a motion to dismiss under Fed.R.Civ.P. 12(b)(6).  <u>Petricca v. City of Gardner</u>, 194 F. Supp. 2d 1, 4 (D. Mass. 2002).  In considering such a motion, the Court must accept all factual allegations in the complaint as true and draw every reasonable inference in plaintiff's favor.  <u>Santiago de Castro v. Morales Medina</u>, 943 F.2d 129, 130 (1st Cir. 1991).

### B. There is no theory of supervisory liability for which Feeney can be held liable.

The Court has granted qualified immunity to Feeney and Eddings regarding the strip search.  <u>Memorandum</u>, p. 18. Therefore, the only remaining issue in this case is whether Plaintiff's constitutional rights were violated when

2

Eddings allegedly "inserted his finger into Plaintiff's anus." See Memorandum, p. 4. The First Circuit has held that supervisory liability requires an "affirmative link between the supervisor's conduct and the underlying section 1983 violation." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 583 (1st Cir. 1994). The issue, therefore, is whether the supervisor caused the constitutional violation to be committed by the subordinate officer. See Baker v. Putnal, 75 F.3d 190, 199 (5th Cir. 1996)(supervisory liability requires affirmative participation in act that causes constitutional deprivation).

Here, Plaintiff cannot establish or even allege any facts that would support a claim of supervisory liability against Feeney. According to the factual record, "Defendant Eddings searched the kitchen and the bathroom. Feeney then told Eddings to take Plaintiff into the bathroom and search him. Eddings walked Plaintiff to the bathroom, removed Plaintiff's handcuffs, and closed the bathroom door. Prior to the strip search, Plaintiff alleges that the officers frisked him several times." Memorandum, p. 4.

The Court's Memorandum continues, "During the strip search, Eddings ordered Plaintiff to remove all of his clothing and told him to lift up his scrotum, turn around,

3

bend forward, and 'spread his butt cheeks.' Plaintiff also claims that Eddings inserted his finger into Plaintiff's anus." Memorandum, p. 4.

There are no facts to support a reasonable inference that Feeney caused the alleged deprivation of Plaintiff's constitutional rights. There is no evidence or even allegations that Feeney directed, encouraged, condoned, acquiesced, knew of, or even should have known of Eddings' alleged conduct of inserting his finger into Plaintiff's anus. See Gutierrez Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989)(supervisor's conduct or inaction must be shown to amount to deliberate, reckless or callous indifference to constitutional rights of others). Accordingly, as a matter of law, Plaintiff's complaint should be dismissed as to Feeney.

### III. CONCLUSION

For the forgoing reasons, Defendant William Feeney respectfully moves this Honorable Court to grant his motion and dismiss Plaintiff's Complaint, with prejudice, for failure to state a claim upon which relief can be granted.

4

```
                                Respectfully submitted,

                                DEFENDANTS WILLIAM J. FEENEY
                                William F. Sinnott
                                Corporation Counsel

                                By his attorneys:


                                /s/ Thomas Donohue
                                Thomas Donohue, BBO #643483
                                Helen G. Litsas, BBO# 644848
                                Assistant Corporation Counsel
                                City of Boston Law Department
                                Room 615, City Hall
                                Boston, MA 02201
                                (617) 635-4039 (Donohue)
                                (617) 635-4023 (Litsas)
```

Dated: October 30, 2006

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

Pursuant to L.R. D. Mass. 7.1(A)(2), I hereby certify that on October 30, 2006, as counsel for the Defendant, I communicated with Jessica Hedges, counsel for the plaintiff, regarding the above motion but we were unable to narrow the issue.

/s/ Thomas Donohue
Thomas Donohue


**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 30, 2006.

/s/ Thomas Donohue
Thomas Donohue