UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04 CV 10746 JLT

IVAN SANTIAGO,
    Plaintiff

v.

WILLIAM J. FEENEY, MARCUS EDDINGS
    Defendants

**DEFENDANTS' MOTION IN LIMINE TO REFERENCE IN THEIR OPENING STATEMENT THE LAWFUNESS OF THE PLAINTIFF'S STRIP SEARCH, TO INTRODUCE LIMITED BACKGROUND EVIDENCE OF SUCH SEARCH DURING TRIAL, AND TO PRECLUDE IRRELEVANT AND UNNECESSARY PLAINTIFF WITNESSES**

Defendants Sergeant William Feeney and Officer Marcus Eddings ("Defendants") respectfully move this Court for a ruling regarding the following: (1) to reference in their Opening Statement the lawfulness of the Plaintiff's March 20, 2003 strip search; (2) to introduce limited background evidence of such search during trial; and (3) to preclude unnecessary and irrelevant witnesses offered by the Plaintiff regarding such strip search.

**I.    DEFENDANTS' REFERENCE TO THE LAWFULNESS OF PLAINTIFF'S STRIP SEARCH DURING THEIR OPENING STATEMENT WILL CLARIFY THE ISSUE TO BE DECIDED BY THE JURY AT THE TRIAL'S OUTSET AND WILL AVOID UNFAIR PREJUDICE TO THE DEFENDANTS .**

On July 26, 2005, this Court awarded Defendants Eddings and Feeney partial summary judgment on Plaintiff's claims as to Counts I and II of the Plaintiff's Complaint insofar as those counts allege that the Plaintiff's strip search was a violation of his

constitutional rights.[1]  In its analysis, this Court determined that there was no civil rights violation by any of the Defendants with respect to the Plaintiff's strip search and granted the Defendants qualified immunity.  This Court drew this conclusion because (1) a reasonable officer would have believed that the "any person present" warrant was valid; and (2) a reasonable officer would have believed that probable cause existed to believe that the Plaintiff was concealing drugs on his person.  Accordingly, for purposes of trial, only Counts I and II remain against Defendants Eddings and Feeney, but only insofar as they allege that the Plaintiff was allegedly subject to a manual body cavity search while in the bathroom with Defendant Eddings at 58 Cheney Street, Apt. #5.

Allowing the Defendants to reference the lawfulness of the strip search in their Opening Statement will place this narrow issue of the alleged manual body cavity search properly before the jury.  It is fundamental for the jury to understand that no liability can attach to either Defendant Eddings or Feeney with respect to the strip search and that the sole issue to be decided is whether Defendant Eddings inserted his finger partially into Plaintiff's rectum.  The Defendant's reference to this in their Opening Statement will also avoid the jury's unnecessary confusion of the issues and avoid any unfair prejudice to the Defendants.

**II.     THE DEFENDANT'S ADMISSION OF LIMITED BACKGROUND EVIDENCE REGARDING THE LAWFUL MARCH 20, 2003 SEARCH OF 58 CHENEY STREET, APT. #5 WILL PLACE IN PROPER HISTORICAL AND FACTUAL CONTEXT THE ISSUE TO BE DECIDED BY THE JURY.**

At the same time it is necessary to provide clarification to the jury regarding the lawfulness of the strip search, the jury must also understand the historical backdrop for

---

[1] This Court also awarded summary judgment to the Defendant, City of Boston, on Count III in its entirety. Accordingly, the City is no longer a Defendant in this action.

the search of 58 Cheney Street, Apt. #5, Dorchester, MA, and the state of mind of the officers involved in the search. The Defendants understand that while avoiding cumulative evidence and the re-litigation of the strip search issue is necessary, the evidence cannot be "fast-forwarded" to the exact moment of the alleged manual body cavity search of the Plaintiff, but rather, the evidence must be "rewound" a bit to place in context the Plaintiff's and Defendant Eddings' presence in the bathroom of 58 Cheney Street, Apt. #5.  Accordingly, the Defendants seek to introduce very limited background evidence of the search and offer one witness ---of a potential eight witnesses---for this purpose.  The Defendants will present the affiant of the search warrant, Officer Paul Quinn, to briefly explain the purpose and background of the search warrant for 58 Cheney Street, Apt. #5.

Such evidence satisfies the relevancy requirement because it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  As a general rule, such background evidence is considered relevant evidence. Fed. R. Evid. 401 Advisory Committee's Note; see also McElwain v. Harris, 2006 WL 931920, *2 (D.N.H. 2006). "Evidence which is essentially background in nature . . . is universally offered and admitted as an aid to understanding." Advisory Committee's Note to Fed. R. Evid. 401.  Furthermore, "[t]he standard for admissibility under [Rule] 401 is a liberal one." Ferrara & DiMercurio v. St. Paul Mercury Ins. Co., 240 F.3d 1, 6 (1st Cir. 2001). Only evidence that is unfairly prejudicial and not just prejudicial per-se is excludable. Fed. R. Evid. 403; United States v. Benedetti, 433 F. 3d 111, 118 (1st Cir. 2005); Verando Beach Club Ltd. P'ship v. W. Sur. Co., 936 F. 2d 1364, 1372 (1st Cir. 2000).  Here,

prejudice would only arise from omission of such relevant background evidence because the jury would lack sufficient information to understand the purpose of the Defendants' presence at 58 Cheney Street, Apt. #5 and the concomitant circumstances surrounding the search.  Moreover, none of this proffered background evidence is disputed by the Plaintiff nor is it in any way unfairly prejudicial to the Plaintiff.  Testimony from this one witness will set in proper context the alleged incident, avoid cumulative and duplicative evidence and ensure an expeditious resolution of this matter without needless expenditure of resources.

### III. THE ADDITION OF UNNECESSARY, IRRELEVANT AND CUMULATIVE POLICE WITNESSES PROFFERED BY THE PLAINTIFF FOR THE SOLE PURPOSE OF IMPEACHING SUCH WITNESSES SHOULD BE PROHIBITED.

In light of the limited necessity for testimonial evidence regarding the background of the 58 Cheney Street, Apt. #5, Dorchester, MA search, any additional police witnesses offered by the Plaintiff, including but not limited to those called for the primary purpose of impeachment, should be prohibited.  Presently, the Plaintiff has indicated that he will call numerous police witnesses.  Such witnesses, however, lack any personal knowledge regarding the Plaintiff's allegations.  The Defendants anticipate that such witnesses may be called by the Plaintiff to either re-litigate the lawfulness of the strip search in order to confuse the jury or for the sole purpose of impeaching these witnesses.  The addition of such superfluous testimony will only result in cumulative and duplicative evidence and allow the Plaintiff to indulge in an improper re-litigation of the strip search issue, unnecessarily expend judicial and juror resources, and unfairly prejudice the Defendants. Accordingly, such additional witnesses should be prohibited.

### IV. Conclusion

For the reasons set forth above, and any such other and further reasons as stated orally to the Court, the Defendants request that this Honorable Court grant its motion.

                                              Respectfully submitted,
                                              DEFENDANTS WILLIAM J. FEENEY, and
                                              MARCUS EDDINGS
                                              By their attorneys:

                                              /s/ Helen G. Litsas
                                              Thomas Donohue, BBO #643483
                                              Helen G. Litsas, BBO# 644848
                                              Assistant Corporation Counsel
                                              City of Boston Law Department
                                              Room 615, City Hall
                                              Boston, MA 02201
                                              (617) 635-4039 (Donohue)
                                              (617) 635-4023 (Litsas)

Dated: October 31, 2006

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 31, 2006.

                                              /s/ Helen G. Litsas
                                              Helen G. Litsas