UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   04 CV 10746 JLT

IVAN SANTIAGO,
        Plaintiff

v.

WILLIAM J. FEENEY, MARCUS
EDDINGS
        Defendants

## DEFENDANTS' WILLIAM J. FEENEY AND MARCUS EDDINGS PRE-TRIAL MEMORANDUM

**1.    CONCISE SUMMARY OF THE DEFENDANTS' EXPECTED EVIDENCE**

At no time was any manual body cavity search of the Plaintiff conducted.  Plaintiff's civil rights allegations against Sergeant William Feeney and Officer Marcus Eddings of the Boston Police Department ("Defendants," "Defendant Eddings"  or "Defendant Feeney") are not supported by the evidence.  The evidence will show that at no point did either Defendant violate the Plaintiff's civil rights.  As this Court previously decided in its July 26, 2005 award of partial summary judgment to the Defendants, Defendant Eddings conducted a lawful strip search of the Plaintiff.  See Memorandum, Document 37, July 26, 2005.  Additionally, the evidence will show that Plaintiff's claim against Defendant Feeney for supervisory liability is not viable and should be dismissed prior to trial.

**A.  Brief Procedural Background of the Status of Plaintiff's Claims**

With this Court's July 26, 2005 award of partial summary judgment to the Defendants on the lawfulness of the Plaintiff's strip search, the Plaintiff's claims for purposes of trial have been

significantly narrowed. The only issue that remains the subject of adjudication is whether the Plaintiff was subject to an alleged manual body cavity search on March 20, 2003.

1.    **Plaintiff's Original Complaint**:  In Count I of his initial Complaint, the Plaintiff alleged that by conducting a strip search and a body cavity search on him, Defendants Eddings and Feeney deprived him of his right to be free from unreasonable searches and seizures in violation of 42 U.S.C. §1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.  In Count II, the Plaintiff alleged that by conducting a strip search and a body cavity search on him, Defendants Eddings and Feeney violated the Plaintiff's civil rights under the Massachusetts Civil Rights Act, G.L. c.12, §11I, by threats, intimidation and coercion. Additionally, Count III alleged a municipal civil rights claim against the Defendant, City of Boston.

2.    **July 26, 2005 Partial Summary Judgment Order**:  On July 26, 2005, this Court determined the following: (1) summary judgment was awarded to the Defendant, City of Boston, on Count III in its entirety; and (2) partial summary judgment was awarded to Defendants Eddings and Feeney as to Counts I and II of the Plaintiff's Complaint insofar as those counts allege that the Plaintiff's strip search was a violation of the Plaintiff's constitutional rights.  In its analysis, this Court determined that there was no civil rights violation with respect to the Plaintiff's strip search.  This Court concluded that both Defendants were entitled to qualified immunity because (1) a reasonable officer would have believed that the "any person present" warrant was valid; and (2) a reasonable officer would have believed that given the circumstances surrounding the search of 58 Cheney Street, Apt. #5, probable cause existed to believe that the Plaintiff was concealing drugs on his person.  Accordingly, for purposes of trial, only Counts I and II remain against Defendants Eddings and Feeney, but only insofar as they allege that the

Plaintiff was allegedly subject to a <u>manual</u> body cavity search - - - that is, that Defendant Eddings inserted his finger partially into Plaintiff's rectum.  Defendants Eddings and Feeney vehemently deny that any such act occurred.

    **B.  <u>Defendant Eddings</u>**:  The Plaintiff has put forth two causes of action against Officer Eddings, and both claims are unsupported by the evidence.

    **1.  <u>42 U.S.C. § 1983</u>**:  Defendant Eddings expects that the evidence will establish that while a strip search was conducted on the Plaintiff, this search was lawful and that at no time did Defendant Eddings engage in any manual body cavity search of the Plaintiff on March 20, 2003. The evidence will establish further that the Defendants lawfully entered the premises the Plaintiff occupied at 58 Cheney Street, Apt. #5, Dorchester, MA, on March 20, 2003 pursuant to a Search Warrant because of known illegal drug activity orchestrated from that location by an individual known as Rolando Lugo. The Warrant commanded officers involved in the search, including Defendants Feeney and Eddings, to search for cocaine and all drug-related tools and papers at the location of 58 Cheney St., Apt. #5, Dorchester, MA, and also authorized officers to search for such items on the person or in the possession of "any person present who may be found to have such property in his or her possession or under his or her control or to whom such property may have been delivered."

    The Defendants, along with fellow members of the Area B-2 Drug Control Unit executed this Warrant under the supervision of Defendant Feeney on March 20, 2003, at approximately 10:53 a.m.  As Officers approached the target apartment from the rear entrance of the building, a female was heard alerting the occupants of 58 Cheney St., Apt. #5 of the imminent police presence.  Defendant Eddings and several other officers made entry through the rear part of the building.

At the door to Apt. #5, officers knocked and announced "Boston police, search warrant." After receiving no response and fearing that evidence was being destroyed, officers utilized a key they had obtained from building management and opened the door.  Once inside, Defendant Eddings secured the location, proceeded to the rear of the apartment and participated in the search of the apartment.  During this time, the four occupants of the apartment, including the Plaintiff, Rolando Lugo, Jacqueline Lugo, and her son Gabriel, were located and secured in the apartment.  The Plaintiff and Rolando Lugo were also placed in handcuffs.  Jacqueline Lugo was not placed in handcuffs.  After advising Rolando Lugo of his Miranda rights, Officer Paul Quinn advised him to surrender any drugs, money or firearms located in the apartment.   At that point, Rolando Lugo indicated that he had some "drugs in his ass," that there were some .380 rounds in the corner of the bedroom, drug paraphernalia in the drawer of the bedroom, and that he had about $400-$500 on his person.   Officer Quinn, in Defendant Feeney's presence, then subsequently removed the handcuffs from Mr. Lugo and instructed him to retrieve from his buttocks area a plastic bag containing six smaller bags of crack cocaine. After further questioning, Mr. Lugo directed officers to crack cocaine located inside a stuffed animal atop a bedroom dresser.   Drug paraphernalia was also recovered from a drawer in the bedroom.

Defendant Feeney later inquired whether Plaintiff had been searched.  When it was determined that the Plaintiff had not, in fact, been searched, Defendant Eddings escorted Plaintiff into the bathroom to conduct a strip search.   Based on the totality of the circumstances, Defendant Eddings and Feeney believed that probable cause existed to conduct a strip search of the Plaintiff for possible concealment of crack cocaine or other illegal materials.   This Court agreed in its award of summary judgment to the Defendants.  After the strip search, Defendant

Eddings requested that the Plaintiff redress.  Plaintiff was then placed again in handcuffs and escorted back to the living room.  The Plaintiff was not arrested.

At no point did Defendant Eddings insert his finger into the Plaintiff's buttocks area or conduct any physical or manual inspection of the Plaintiff.  Moreover, at no point did Plaintiff complain of any such search at the time of the incident.  Additionally, the Plaintiff did not seek any medical treatment following this alleged incident.

**2.  G.L. c.12, §11I**:  Plaintiff has also made a claim against Defendant Eddings for a violation of the MCRA, G.L. c.12, §11I.   There is no evidence that such a violation occurred.  Defendant Eddings expects that the evidence will establish that while a strip search was conducted on the Plaintiff, this search was lawful and at no time was any manual body cavity search conducted whatsoever.

**C.  Defendant Feeney**:  The Plaintiff has put forth two causes of action against Sgt. Feeney based on a theory of supervisory liability, and both claims are unsupported by the evidence.

**1.  42 U.S.C. § 1983**:  Defendant Feeney expects that the evidence will establish that there is no viable supervisory liability claim against him.  The evidence will further show that no such manual body cavity search of the Plaintiff occurred, that Defendant Feeney had no knowledge of any such manual body cavity search, that Defendant was not present for any such search nor did he observe any strip search of the Plaintiff conducted in the bathroom of 58 Cheney Street, Apt. #5.   Moreover, there is no evidence nor any allegation that Feeney specifically encouraged, condoned or acquiesced to the alleged manual body cavity search of the Plaintiff.

**2.  G.L. c.12, §11I**:  Plaintiff has also made a claim against Defendant Feeney for a violation of the MCRA, G.L. c.12, §11I.  This claim fails for the same reasons Plaintiff's claim under 42 U.S.C. § 1983 fails.  Additionally, there is no evidence that Defendant Feeney used any threats, coercion or intimidation during his interactions with the Plaintiff.

2.  **AGREED TO FACTS AND DEFENDANTS PROPOSED FACTS ESTABLISHED BY THE PLEADINGS, BY STIPULATIONS OR ADMISSIONS OF COUNSEL**
   **A.  Agreed To Facts**

   1.  On March 14, 2003, Officer Paul Quinn sought a search warrant for a search of 58 Cheney St, Apt.#5 in Dorchester, MA.

   2.  Officer Quinn submitted an affidavit in support of his application in which he asserted, *inter alia*, that several controlled buys of crack cocaine had be made from this location.

   3.  Plaintiff was not arrested, or charged with a crime following the March 20, 2003 search.

   **B.  Defendant's Proposed Facts**

   4.  Rolando Lugo was a target of the investigation.

   5.  On March 20, 2003, at 10:53 a.m., several members of the Area B-2 Drug Control Unit executed the search warrant under the supervision of Defendant Feeney.

   6.  This Court  awarded partial summary judgment to Defendant Eddings and Defendant Feeney with respect to the strip search and concluded that the strip search of the Plaintiff was lawful.

3.  **CONTESTED FACTS**

   1.  Whether the Plaintiff was subject to an internal manual body cavity search on March 20, 2003; that is, whether Defendant Eddings inserted his finger into the Plaintiff's rectum.

   2.  Whether the Plaintiff suffered any damages from Defendants' alleged manual body cavity search.

4.      **JURISDICTIONAL QUESTIONS**

None.


5.      **QUESTIONS RAISED BY PENDING MOTIONS**

The following motion has been submitted by the Defendant, William Feeney:

1.      Defendant William Feeney is entitled to judgment on the pleadings because there is no allegation nor any evidence that Defendant Feeney's conduct amounted to supervisory encouragement, condonation or acquiescence of the alleged manual body cavity search of the Plaintiff by Defendant Eddings.


6.      **ISSUES OF LAW**

1.      Whether the Plaintiff's civil rights were violated by the alleged manual body cavity search?

2.      Whether Defendant Feeney's conduct was sufficiently indifferent to the constitutional rights of the Plaintiff, and affirmatively linked to any misconduct of subordinate officers, such as would support supervisory liability pursuant to 42 U.S.C. Section 1983 and the MCRA?


7.      **REQUESTED AMENDMENTS TO THE PLEADINGS**

There are no requested amendments to the pleadings at this time.


8.      **ADDITIONAL MATTERS IN AID OF DISPOSITION**

None.


9.      **PROBABLE LENGTH OF TRIAL**

The Defendants estimate 3-4 days.


10.     **NAMES AND ADDRESSES OF DEFENDANTS' WITNESSES AND TIME NEEDED**

**Sgt. Detective William Feeney – Defendant**
Boston Police Department
1 Schroeder Plaza
Boston, MA 02120
617-343-4500

Time Needed for Direct Examination: Approximately 45 minutes

**Officer Marcus Eddings – Defendant**
Boston Police Department
1 Schroeder Plaza
Boston, MA 02120
617-343-4500

Time Needed for Direct Examination: Approximately 60 minutes

**Officer Juan Seoane**
Boston Police Department
1 Schroeder Plaza
Boston, MA 02120
617-343-4500

Time Needed for Examination: Approximately 30 minutes

**Officer Paul Quinn**
Boston Police Department
1 Schroeder Plaza
Boston, MA 02120
617-343-4500

Time Needed for Examination: Approximately 30 minutes

Defendants reserve the right to call additional witnesses for purposes of rebuttal, to call any of the witnesses listed herein by the Plaintiff in their case in chief, and to make timely supplements to this listing.

## 11.    **DEFENDANTS' PROPOSED EXHIBITS**

1.    Photo array presented to the Plaintiff to identify officer who conducted strip search

Defendants object to Plaintiff's proposed exhibits, the Search Warrant and Affidavit in Support of the Application and the Boston Police Incident Reports relating to the March 20, 2003 incident.  Such documents constitute hearsay and are inadmissible. Additionally, Defendants reserve the right to make a timely supplement to this list.

## 12.    **MOTIONS IN LIMINE**

1.    Motion in Limine to Allow Defendants to Reference the Lawfulness of the Strip Search of the Plaintiff in Defendants' Opening Statement, To Introduce Limited

Background Evidence of Such Search During Trial, and To Preclude Irrelevant and Unnecessary Plaintiff Witnesses

2.    Motion In Limine Requesting Jury Instruction Regarding the Lawfulness of Plaintiff's Strip Search Prior to Opening Statements

3.    Motion In Limine to Preclude Plaintiff From Challenging the Lawfulness of Plaintiff's Strip Search During Trial

4.    Motion in Limine to Introduce Limited Background Evidence of the March 20, 2003 Search of 58 Cheney Street, Apt. #5

5.    Motion in Limine to Exclude Any Reference to the Word, "Rape"

6.    Motion in Limine to Exclude Irrelevant and Highly Prejudicial "Other Acts" Evidence

7.    Motion in Limine to Exclude Plaintiff's Evidence of Non-testifying Witnesses' Observations and Statements

8.    Motion in Limine to Exclude All Evidence and Reference to an Opinion Authored by the Honorable Nancy Gertner Regarding the Credibility of Certain Police Witnesses

Defendants reserve their right to supplement this answer.

Respectfully submitted,
DEFENDANTS WILLIAM J. FEENEY and
MARCUS EDDINGS
By their attorneys:

/s/ Helen G. Litsas
Thomas Donohue, BBO #643483
Helen G. Litsas, BBO# 644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4039 (Donohue)
(617) 635-4023 (Litsas)

Dated: October 31, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 31, 2006.


/s/ Helen G. Litsas
Helen G. Litsas