UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04 CV 10746 JLT

IVAN SANTIAGO,
  Plaintiff

v.

WILLIAM J. FEENEY, MARCUS EDDINGS
  Defendants

### DEFENDANTS' MOTION IN LIMINE REQUESTING JURY INSTRUCTION REGARDING THE LAWFULNESS OF PLAINTIFF'S STRIP SEARCH PRIOR TO OPENING STATEMENTS

Defendants Sergeant William Feeney and Officer Marcus Eddings ("Defendants") respectfully move this Court for a jury instruction prior to the Opening Statements regarding the lawfulness of the Plaintiff's March 20, 2003 strip search.[1] It is fundamental for the jury to understand at the outset of trial that no liability can attach to either Defendant Eddings or Feeney with respect to the March 20, 2003 strip search and that the sole issue to be decided is whether Defendant Eddings inserted his finger into Plaintiff's rectum.

On July 26, 2005, this Court awarded Defendants Eddings and Feeney partial summary judgment on Plaintiff's claims as to Counts I and II of the Plaintiff's Complaint insofar as those counts allege that the Plaintiff's strip search was a violation of his constitutional rights.[2] In its analysis, this Court determined that there was no civil rights violation by any of the Defendants with respect to the Plaintiff's strip search and granted

---

[1] For the Court's review, the Defendants attach as Exhibit A, Defendants' Proposed Jury Instruction Regarding the Lawfulness of the Plaintiff's Strip Search.

[2] This Court also awarded summary judgment to the Defendant, City of Boston, on Count III in its entirety. Accordingly, the City is no longer a Defendant in this action.

the Defendants qualified immunity. This Court drew this conclusion because (1) a reasonable officer would have believed that the "any person present" warrant was valid; and (2) a reasonable officer would have believed that probable cause existed to believe that the Plaintiff was concealing drugs on his person. Accordingly, for purposes of trial, only Counts I and II remain against Defendants Eddings and Feeney, but only insofar as they allege that the Plaintiff was allegedly subject to a body cavity search while in the bathroom with Defendant Eddings at 58 Cheney Street, Apt. #5.

A jury instruction regarding the lawfulness of the strip search in their Opening Statement will place this narrow issue of the alleged manual body cavity search properly before the jury. It will elucidate for the jury the specific posture of the case and the narrow issue to be decided. It will also avoid the jury's unnecessary confusion of the issues and avoid any unfair prejudice to the Defendants.

For the reasons set forth above, and any such other and further reasons as stated orally to the Court, the Defendants request that this Honorable Court grant its motion.

                              Respectfully submitted,
                              DEFENDANTS WILLIAM J. FEENEY, and
                              MARCUS EDDINGS
                              By their attorneys:

                              /s/ Helen G. Litsas
                              Thomas Donohue, BBO #643483
                              Helen G. Litsas, BBO# 644848
                              Assistant Corporation Counsel
                              City of Boston Law Department
                              Room 615, City Hall
                              Boston, MA 02201
                              (617) 635-4039 (Donohue)
                              (617) 635-4023 (Litsas)

Dated: October 31, 2006

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 31, 2006.

                      /s/ Helen G. Litsas
                      Helen G. Litsas