UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.04 CV 10746 JLT

IVAN SANTIAGO,
    Plaintiff

v.

WILLIAM J. FEENEY and MARCUS EDDINGS,
    Defendants

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE PLAINTIFF FROM REFFERING TO THE ALLEGED CONDUCT OF DEFENDANT EDDINGS AS "RAPE"**

**I.     INTRODUCTION**

Defendants William Feeney and Marcus Eddings ("Defendants") hereby move *in limine* to preclude Plaintiff from referring to Eddings' alleged conduct as "rape." Such a characterization does not accurately describe the allegations and would be an inflammatory appeal for sympathy to the jury and would unfairly prejudice the Defendants Feeney and Eddings.

**II.    ARGUMENT**

Plaintiff should be precluded from characterizing the Defendants' alleged conduct as a "rape." The First Circuit has held that an argument must be confined to the evidence and it must not appeal to passion or prejudice or sympathy in an unfair way. Tashjian v. Boston & M.R.R., 80 F.2d 320, 321 (1st Cir. 1935). Further, mischaracterization or overuse of a potentially inflammatory phrase may be deemed prejudicial. U.S. v. Sánchez-Berríos, 424 F.3d 65, 74 (1st Cir. 2005). Moreover, the impropriety of counsel's characterizations is a matter of degree and turns on the accuracy of the description, threat of unfair prejudice, frequency of use, and alternative means of description. U.S. v. Felton, 417 F.3d 97, 103 (1st Cir. 2005).

Here, Plaintiff alleges that Officer Eddings inserted his finger "about an inch" and that such act was done as a cavity search. The term "rape" does not accurately describe the alleged conduct. "Rape" is a crime prescribed by M.G.L. 265 § 22. Officer Eddings has not been criminally accused or charged rape with regard to the present allegations. In fact, even when offered by the Boston Police, Plaintiff chose not to purse a criminal case against Defendant Eddings. Thus, the term "rape" is not an accurate description of the alleged conduct.

Moreover, the term "rape" is highly prejudicial because it evokes ideas and emotions that are beyond the scope of the alleged conduct. An epithet can carry connotations well beyond the alleged conduct, and such a description can be gratuitously inflammatory, serving no reasonable purpose in describing the Plaintiff's injury. See U.S. v. Felton, 417 F.3d at 103. Here, the use of the term "rape" serves no other purpose than to provoke the sympathy and outrage from the jury. It does not accurately describe the injury that Plaintiff is alleging, but rather masks the Plaintiff as a victim of a crime. Thus, the term "rape" is highly prejudicial to the Defendants.

Finally, other descriptions are available to the Plaintiff. Particularly, the Plaintiff can characterize the alleged conduct as "digital penetration." This phrase is a neutral description of what Plaintiff is alleging and does not evoke unfair and unnecessary inflammatory sentiment. Therefore, Plaintiff has an alternative means of describing the alleged conduct. Accordingly, Plaintiff, all witnesses, and attorneys should be precluded from using the term "rape."

### III.  CONCLUSION

For the reasons stated above, Defendants' motion *in limine* should be granted and Plaintiff should be precluded from using the term "rape." Defendants also request that Plaintiff's counsel instruct his client and witnessed to refrain from using such term.

Respectfully submitted,

DEFENDANTS WILLIAM J. FEENEY
William F. Sinnott
Corporation Counsel

By his attorneys:


/s/ Thomas Donohue
Thomas Donohue, BBO #643483
Helen G. Litsas, BBO# 644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4039 (Donohue)
(617) 635-4023 (Litsas)

Dated: October 31, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 31, 2006.

/s/ Thomas Donohue
Thomas Donohue