UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.04 CV 10746 JLT

IVAN SANTIAGO,
Plaintiff

v.

WILLIAM J. FEENEY and MARCUS EDDINGS,
Defendants

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO OR EVIDENCE OF JUDGE GERTNER'S OPINION OF JUAN SEOANE'S CREDIBILITY**

## I. REQUESTED RELIEF

Defendants William Feeney and Marcus Eddings ("Defendants") move *in limine* - pursuant to Federal Rules of Evidence 402, 403, 608, 801(c) and 802 – to preclude Plaintiff from referencing or introducing the unduly prejudicial evidence of Judge Gertner's opinion about Boston Police Officer Juan Seoane's ("Officer Seoane") credibility in the motion to suppress memorandums she issued in U.S. v. Dessesaure (Dessesaure I), 314 F.Supp.2d 81 (D.Mass. 2004) and U.S. v. Dessesaure (Dessesaure II), 323 F.Supp.2d 211 (D.Mass. 2004).[1]

With all due respect to Judge Gertner, it is not proper for her opinion of Officer Seoane's credibility to be referenced or introduced in the trial of this case. Plaintiff should not be permitted to question Officer Seoane or introduce extrinsic evidence (including showing him the decision) regarding (1) Judge Gertner's opinion, (2) the circumstances and facts that were the subject of the opinion, and (3) Officer Seoane's Dessesaure testimony.

[1] Judge Gertner's decisions on the motion to suppress were subsequently overruled by the First Circuit. See U.S. v. Dessesaure, 429 F.3d 359 (1st Cir. 2006).

## II. STATEMENT OF FACTS

Officer Seoane was a prosecution witnesses in a motion to suppress hearing. See Dessesaure I and Dessesaure II. In Dessesaure I, Judge Gertner, without explanation, negatively commented on the credibility of Officer Seoane's account of a defendant's statements. Dessesaure I at 90. Nevertheless, in other areas, Judge Gertner credited Officer Seoane's testimony so much as to find probable cause to arrest defendant Dessesaure. See Dessesaure I at 91 and 94. In fact, Judge Gertner credited Officer Seoane's testimony about Dessesaure's evasive driving, that a witness lied, and about heroin found on that witness upon exiting Dessesaure's vehicle. See Id. at 91. Further, Judge Gertner also found that Officer Seoane was justified in conducting a search incident to arrest at the station. See Id. at 91. In Dessesaure II, Judge Gertner commented that she found Officer Seoane's testimony "less-than-credible" on a specific topic. Dessesaure II at 214. Still, in the same opinion, Judge Gertner found Officer Seoane's search of Dessesaure's car to be valid. See Id.

## III. ARGUMENT

### A. Under Rule 403, Plaintiff May Not Cross Examine Witness Officer Seoane As To Judge Gertner's Opinions In *Dessesaure*

Plaintiff should not be allowed to cross examine Officer Seoane regarding Judge Gertner's decisions because its probative value is substantially outweighed by the potential for unfair prejudice. Fed.R.Evid. 608(b) permits the cross examination, in the discretion of the court, into specific instances of conduct of a witness "if probative of truthfulness or untruthfulness," however, subject to Fed.R.Evid. 403.

In U.S. v. Lopez, 944 F.2d 33 (1st Cir. 1991), the defendant sought to cross examine a police officer about his testimony in another, unrelated federal court trial at which a different presiding judge had granted a motion for new trial, in part because the judge had disbelieved the

officer's testimony. See U.S. v. Lopez, 944 F.2d at 37. Defendant attempted to proceed under Fed.R.Evid. 608(b). See Id. The district court precluded this evidence under Fed.R.Evid. 403. See id. at 38. The First Circuit upheld the court's decision to exclude such questioning. See Id.

The district court in Lopez found that it would be permissible to inquire whether the officer had testified untruthfully at the earlier trial. See Id. However, if the officer had answered "no" there could be "no extrinsic evidence introduced to demonstrate otherwise, particularly not the credibility opinion of the judge who presided at the earlier trial." Id. On the assumption that the officer would not admit that he had given untruthful testimony at the earlier trial, this topic was excluded by the trial judge in the district court. See Id.

Here, the witness Officer Seoane vehemently denies that his testimony was not credible. He would testify the same way if he were questioned by the Plaintiff in this case, thereby cutting off further inquiry by Plaintiff. However, allowing questioning on this matter at all would unduly prejudice the Defendants. Thus, this Court should preclude this line of questioning and any introduction of extrinsic evidence, including showing or making reference to the decision.

**B. Referencing Judge Gertner's Opinion Would Confuse The Jury Because Her Memorandums Both Credit And Call Into Question Officer Seoane's Testimony**

Referencing Judge Gertner's opinion would unfairly confuse and mislead the jury as prohibited by Fed.R.Evid. 403. Her memorandums both credit and call into question Officer Seoane's testimony. It would unnecessarily and unfairly confuse the jury to hear that she both credited and called into question his testimony. This is not the case where a judge completely disregarded a witness's testimony because she did not believe him. In fact, although Judge Gertner did that to a different witness in Dessesaure I and II, she did not do so as to Officer Seoane. Accordingly, it would confuse a jury to hear differing accounts of Judge Gertner's

opinion of Officer Seoane's testimony and, therefore, all references to it should be excluded under Fed.R.Evid. 403.

**C. Permitting the Use of Judge Gertner's Opinion Usurps the Role of the Jury**

Even if Judge Gertner's opinion is relevant to this case, it should be excluded. An opinion of a judge as to the credibility of a witness poses a danger of the jury giving more weight to the opinion than is appropriate, and consequently prejudicing the defense. Moreover, admission of Judge Gertner's opinion usurps the traditional role of the jury as the judge of a witness's credibility.

Traditionally, accordingly to the First Circuit, judgments regarding a witness's credibility are within the province of the jury and must not be substituted with the judgment of the court. See generally Mayo v. Schooner Capital Corp., 825 F.2d 566 (1st Cir. 1987). The Supreme Court has held, "Determining the weight and credibility of witness testimony . . . has long been held to be the 'part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.'" U.S. v. Scheffer, 523 U.S. 303, 313 (1998) (*quoting* Aetna Life Ins. Co. v. Ward, 140 U.S. 76, 88 (1981)). It is the jury's province, after observing Officer Seoane, the other officers, and the Plaintiff on the witness stand, to decide whom to believe. See Abraham v. Nagle, 116F.3d 11, 15 (1st Cir. 1997). While potentially probative of the trustworthiness of Officer Seoane's testimony, the credibility assessment made by Judge Gertner at an unrelated hearing would entail "a grave risk that the jury might abnegate its exclusive responsibility to determine the credibility of the testimony given by the officer" at trial. U.S. v. Lopez, 944 F.2d 33, 38 (1st Cir. 1991). Consequently, there is a substantial danger that members of the jury would substitute their own fact based judgment about Officer Seoane's credibility with that of Judge Gertner's, and thus, the

Plaintiff's line of cross examination questions concerning Judge Gertner's opinion, and any reference to the opinion, including extrinsic evidence, must be precluded.

**D. Use of Judge Gertner's Opinion is Improper Character Evidence**

The First Circuit instructs that credibility choices are for the fact finder. See U.S. v. Alicea, 205 F.3d 480, 483 (1st Cir. 2000). Plaintiff's use of Judge Gertner's opinion is one which improperly attempts to show propensity. In Suprenant v. Rivas, 424 F.3d 5, 21-22 (1st Cir. 2005), the defendants attempted to use a prior bad act by the plaintiff. This testimony was properly excluded by the trial court. See Id. The First Circuit's inquiry into the use of the evidence began with the question as to "whether the proffered evidence has some special relevance which enables it to shed light on a disputed issue in the case, rather than merely to show a [party's] deplorable character of propensity for wrongdoing." Suprenant at 22 *quoting* Udemba v. Nicoli, 237 F.3d 8, 15 (1st Cir. 2001). Next, if such special relevance exists, is its probative value outweighed by other considerations. See Id.

Here, the proffered evidence regarding Officer Seoane's credibility does not shed light on the disputed issue in the case. Further, any probative value is outweighed by danger of unfair prejudice. Officer Seoane is not a party to the case. Such evidence would unfairly reflect on Defendants Eddings and Feeney merely because they are all officers executing the same search warrant.

The defendants in Suprenant were not allowed to use evidence that plaintiff had attacked a correctional officer seven years prior to the incident at issue, arguing that such evidence was probative of the plaintiff's intent and plan in the issue being tried. See Suprenant at 22. Here, Plaintiff will attempt to argue that Officer Seoane was found to be not credible by Judge Gertner in 2004; therefore, anything he says at trial in this case will also be not credible. This is, as the

First Circuit said in Suprenant, clearly inadmissible. See Suprenant at 22. Plaintiff would be asking the fact finder to draw a propensity inference; Rule 404(b) forbids the introduction of evidence for such a purpose. U.S. v. Ingraham, 832 F.2d 229, 235 (1st Cir. 1987).

Furthermore, the court in Suprenant stated that the evidence was too weak to provide evidence of intent. See Suprenant at 22. Prior bad acts may provide evidence of intent if "one or more similar prior incidents…show a pattern of operation that would suggest intent." See Id. *citing* Jack B. Weinstein and Margaret A. Berger, Weintstein's Federal Evidence § 404.22[1][a] (2d ed.2005). In other words, prior bad acts may be admitted as circumstantial evidence of a party's state of mind. Suprenant at 23. However, Officer Seoane is not a party to this case so his state of mind is irrelevant. Accordingly, any probative value is outweighed by it being unfairly prejudicial. Thus, any use of Judge Gertner's opinion should be barred from trial.

## IV. CONCLUSION

For the reasons stated herein, the Defendants' motion *in limine* should be granted and Plaintiff should be precluded from making any reference to Judge Gertner's opinion regarding Officer Seoane's credibility.

[signature next page]

Respectfully submitted,

DEFENDANTS, WILLIAM J. FEENEY and
MARCUS EDDINGS
William F. Sinnott
Corporation Counsel

By their attorneys:

/s/ Thomas Donohue
Thomas Donohue, BBO #643483
Helen G. Litsas, BBO# 644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4039 (Donohue)
(617) 635-4023 (Litsas)

Dated: October 31, 2006

**CERTIFICATE OF SERVICE**

     I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 31, 2006.

/s/ Thomas Donohue
Thomas Donohue