UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IVAN SANTIAGO,<br>    Plaintiffs,<br><br>v.<br><br>WILLIAM J FEENEY, MARCUS,<br>EDDINGS, and the CITY OF BOSTON,<br>    Defendants | )<br>)    C.A No. 04-10746-JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT FEENEY'S MOTION TO DISMISS**

Now comes the Plaintiff, Ivan Santiago, and hereby opposes the Defendant Feeney's Motion to Dismiss. As grounds therefore, the Plaintiff submits this memorandum of law.

### BACKGROUND

The Plaintiff filed a complaint alleging that the Defendants conducted an unlawful strip search and body cavity search of his person in violation of 42 U.S.C. §1983 and M.G.L. c. 12, §11I. The Plaintiff also alleged that the City of Boston was liable for tolerating a custom of deliberate indifference to the rights of its citizens by failing to have a clear policy regarding invasive searches outside of the station, and by not adequately training and supervising its officers on the proper procedures and methods for executing search warrants during drug investigations. Defendant Feeney answered the complaint on July 26, 2004.

The Defendants filed a motion for summary judgment as to Count I and Count II of Plaintiff's complaint insofar as those counts allege that the strip search of Plaintiff was in violation of his constitutional rights. In its Memorandum and Order, dated July 26, 2005, the Court granted the Defendants' motion with respect to the strip search, but did not address the body cavity search allegation due to material disputes of fact. The Court also dismissed all claims against the City of Boston. Fifteen months later, the Defendants filed the instant motion.

**ARGUMENT**

I. **THE DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE IT IS UNTIMELY AND WITHOUT MERIT**

The Defendant's motion to dismiss, filed five days before trial, should be denied as untimely. Rule 12(c) provides that a motion for judgment on the pleadings may be filed "[a]fter the pleadings are closed" so long as it is "within such time as not to delay the trial." Fed. R. Civ. P. 12(c). Furthermore, this Court issued its ruling on cross-motions for summary judgment more than fifteen months ago and the Defendant's answer was filed over two years ago. This Court should not now entertain the motion on the eve of trial.

Even if timely, the motion is without merit as the complaint puts Defendant Feeney on notice that the Plaintiff intended to pursue a supervisory liability claim against him for Defendant Eddings' anal cavity search. The complaint alleges as follows:

> Plaintiff Ivan Santiago, an innocent person with no criminal record, alleges that the defendant, Marcus Eddings, with the authority of his supervisor, Defendant Sergeant Detective William J Feeney, conducted an anal cavity search of him…
>
> The Drug Control Unit Squads 2N + 6N, under the supervision of the Defendant Sgt. Det. William J. Feeney, executed a search warrant for this address [where the Plaintiff was searched]...
>
> Rolando Lugo [the actual target of the investigation] told the police that he had drugs secreted anally…
>
> Defendant Feeney ordered the Defendant Eddings to strip-search the innocent Plaintiff Santiago…
>
> [Defendant Eddings] proceeded to stick his finger from his gloved hand in the Plaintiff's anus and wiggled it around.

See Pl. Compl. ¶¶1, 8, 10, 12, 16. Therefore, it is clear that the Plaintiff was alleging that Feeney ordered the entirety of Eddings conduct, including the anal cavity search.

In addition, the Defendant's motion is really a motion for summary judgment[1] as it references facts outside the pleadings. It argues that there is "no evidence" to support the Plaintiff's theory of the case. Such evidence will be produced at trial.

## CONCLUSION

Therefore, the Plaintiff respectfully requests that this Court deny the Defendant's motion.

Respectfully submitted,
The Plaintiff Ivan Santiago,
By his attorneys,

//s// Stephen Hrones
Jessica D Hedges (BBO No. 567431)
Stephen B. Hrones (BBO No. 242860)
Hrones, Garrity & Hedges, LLP
Lewis Wharf-Bay 232
Boston, MA 02110-3927
T)617/227-4019

## CERTIFICATE OF SERVICE

I, Stephen Hrones, hereby certify that on this 1st day of November, 2006, I have served a copy of the foregoing, where unable to do so electronically, on all counsel of record in this matter.

//s// Stephen Hrones
Stephen Hrones

---

[1] As a motion for summary judgment, its untimeliness is even more egregious.