UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   04 CV 10746 JLT

IVAN SANTIAGO,
    Plaintiff

v.

WILLIAM J. FEENEY and
MARCUS EDDINGS
    Defendants

## DEFENDANT WILLIAM J. FEENEY'S LOCAL RULE 56.1 STATEMENT OF FACTS AND SUPPORTING EXHIBITS

Pursuant to Fed. R. Civ. P. 56, the Defendant Sergeant Detective William J. Feeney ("Sgt. Feeney") hereby moves this Honorable Court to grant summary judgment in his favor as to Counts I and II of the Plaintiff's Complaint.

As background, the Court granted qualified immunity to Sgt. Feeney and Marcus Eddings regarding the strip search. Memorandum, p. 18.  Therefore, the only remaining issue in this case is whether the Plaintiff's constitutional rights were violated when Eddings allegedly "inserted his finger into Plaintiff's anus."  See Memorandum, p. 4.

As grounds for his motion, Sgt. Feeney hereby states the following:

1. On March 20, 2003, at approximately 10:53 a.m., members of the Area B-2 Drug Control Unit executed the

1

      Search Warrant under the supervision of Defendant Feeney. (Ex. C, Feeney's deposition, at 15:2).[1]

2. Plaintiff Ivan Santiago, at his deposition, testified that a "Hispanic cop" told "the black cop" to take him to the bathroom and "search him." (Ex. A, Santiago's deposition, at 31:13-15).

3. Regarding the instruction that he be searched, Santiago remembers "those specific words" and nothing else. (Ex. A at 31:16-19).

4. According to Santiago, he could see the "Hispanic cop," who told the officer to take "take me to the bathroom and search me." (Ex. A at 32:16-19).

5. According to Santiago, the Hispanic officer said, "Take him to the bathroom." (Ex. A at 32:20-22).

6. Santiago described the Hispanic officer as "short…had short hair … little big chubby." (Ex. A at 32,33:23-4).

7. Santiago knows that the officer who told Eddings to "search him" is Hispanic "because he was speaking Spanish to us.  He was speaking Spanish to Jacqueline." (Ex. A at 33:5-8).

8. Santiago speaks Spanish. (Ex. A at 33:12-13).

9. Eddings was told "take [Santiago] to the bathroom and search [him]. (Ex. A at 34:1-4 and 35:6-10).

10. Sgt. Feeney does not speak any Spanish and is not Hispanic.  Further, has red hair and had red hair at the time of the incident. (Ex. E).

11. According to Santiago, "[T]he Hispanic officer told the black officer to come and check me because right after they took him from my son's room, the Hispanic officer told him to go in the bathroom and search me…" (Ex. A at 46:20-24).

---

[1] Where X:Y citation is made to deposition testimony, X is the page number and Y is the line number.

2

12. Santiago heard the officer, who instructed the black officer to take Santiago into the bathroom, speaking Spanish.  (Ex. A at 66:20-24 and 67:1).

13. This Hispanic officer had "light brown hair."  (Ex. A at 67:2-6).

14. Santiago heard an officer say "check him."  (Ex. B, Santiago Internal Affairs Interview, at 13:17-19).  Further an officer said, "Check him.  Check him, I forgot the words he said, but check him because we found some drugs."  (Ex. B at 14:5-8).

15. The Spanish officer directed [Eddings] to check Santiago, "check him too."  (Ex. B at 17:14-16).

16. "The Spanish guy directed it."  (Ex. B at 15:18-22 and 16:1-2).  The Spanish guy said, "make sure that you check him.  (Ex. B at 16:5-7).

17. "The Spanish one said, 'check him.  Take him to the bathroom and check him.'"  (Ex. B at 16:1-7).

18. Sgt. Feeney told Officer Eddings "to take Mr. Santiago into the bathroom and search him.  (Ex. C at 34:21-22).

19. Sgt. Feeney thought that Officer Eddings was going to strip search the Plaintiff.  (Ex.C at 34:23-24 and 35:1).

20. Sgt. Feeney intended that Eddings do a strip search.  (Ex. C at 34:23-24 and 35:1).

21. Sgt. Feeney believed that there was probable cause to conduct a strip search.  (Ex. C at 35:2-7 and 37:1-12).

22. According to Jacqueline Lugo, Eddings was given an order by a Spanish officer to escort Santiago into the bathroom.  (Ex. D at 14:1-5).

23. The Spanish officer told Eddings to check Santiago because "the other one has some in his butt."  (Ex.D at 16:1-5).

24. The Hispanic officer told Eddings to check Santiago's "butt, his behind." (Ex.D at 17:9-11).

25. Mr. Lugo retrieved a plastic bag containing drugs from his buttocks area. (Ex. C at 22:8-22).

WHEREFORE, Sgt. Feeney hereby moves this Honorable Court for dismissal by summary judgment as to all counts of the Plaintiff's Complaint against him.

          Respectfully submitted,

          DEFENDANTS WILLIAM J. FEENEY
          William F. Sinnott
          Corporation Counsel

          By his attorneys:

          /s/ Thomas Donohue
          Thomas Donohue, BBO #643483
          Helen G. Litsas, BBO# 644848
          Assistant Corporation Counsel
          City of Boston Law Department
          Room 615, City Hall
          Boston, MA 02201
          (617) 635-4039 (Donohue)
          (617) 635-4023 (Litsas)

Dated: November 2, 2006

CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to L.R. D. Mass. 7.1(A)(2), I hereby certify that on November 1, 2006, as counsel for the Defendant, I communicated with Stephen Hrones, counsel for the plaintiff, regarding the above motion but we were unable to narrow the issue.

/s/ Thomas Donohue
Thomas Donohue

CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 2, 2006.

/s/ Thomas Donohue
Thomas Donohue

**EXHIBITS**

A    Deposition of Ivan Santiago, 1/18/05

B    Ivan Santiago, Internal Affairs Division interview, 5/13/03

C    Deposition of William F. Feeney, 1/10/05

D    Jacqueline Lugo, Internal Affairs Division interview, 5/7/03

E    Affidavit of Sergeant Detective William J. Feeney, 11/2/03

F    Boston Police Department Rule 318D, Strip Search and Body Cavity Procedures