UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 CV 10746 JLT

| | |
|---|---|
| IVAN SANTIAGO,<br>    Plaintiff<br><br>v.<br><br>WILLIAM J. FEENEY and<br>MARCUS EDDINGS,<br>    Defendants | |

**DEFENDANT WILLIAM FEENEY'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Defendant Sergeant Detective William Feeney ("Sgt. Feeney") hereby incorporates by reference the facts set forth in the Defendant's Local Rule 56.1 Statement of Facts. Plaintiff Ivan Santiago's ("Plaintiff") remaining claims against Sgt. Feeney should be dismissed. This Court granted summary judgment as to Sgt. Feeney and Defendant Marcus Eddings ("Eddings") regarding "Plaintiff's claims relating to the strip search." Memorandum, Document 37, July 26, 2005, p. 4. Only one issue remains in this case: whether Defendant Eddings conducted a body cavity search by inserting his finger into the Plaintiff's anus. See Memorandum, p. 4. Based on the factual record, there is no theory of supervisory liability upon which Sgt. Feeney can be

1

held liable.[1]  Accordingly, summary judgment should enter as to Sgt. Feeney.

The Plaintiff alleges that on March 20, 2003, Defendant Marcus Eddings, at the direction of Sgt. Feeney, conducted a strip search and a body cavity search of his person.[2] (Complaint, ¶¶14-16).  However, no facts support this contention and no evidence comes close to even suggesting that Sgt. Feeney directed or acquiesced to a cavity search of the Plaintiff.

## II.  ARGUMENT

### A.  Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A party seeking summary judgment must make a preliminary showing that no genuine issue of material fact exists.  Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995), cert. denied, 515 U.S. 1103 (1995).  Once the movant has

---

[1] Plaintiff brought his claims against Feeney under 42 U.S.C. § 1983 and the Mass Civil Rights Act.

[2] In Count I of his Complaint, the Plaintiff alleges that by conducting a strip search and a body cavity search, Defendants Eddings and Feeney deprived him of his right to be free from unreasonable searches and seizures in violation of 42 U.S.C. §1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.  (Complaint, ¶27).  Count II of the Plaintiff's Complaint alleges that by conducting a strip search and a body cavity search, Defendants Eddings and Feeney violated the Plaintiff's civil rights under M.G.L. c.12, §11I, by threats, intimidation and coercion.  (Complaint, ¶29).

made such a showing, the nonmovant must point to specific facts demonstrating that there is, indeed, a trial worthy issue.  Id.

A fact is "material" if it has the "potential to affect the outcome of the suit under the applicable law," Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000), and a "genuine" issue is one supported by such evidence that "a reasonable jury, drawing favorable inferences, could resolve it in favor of the nonmoving party."  Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) (quoting Smith v. F.W. Morse & Co., 76 F.3d 413, 428 (1st Cir. 1996)). "Conclusory allegations, improbable inferences, and unsupported speculation," are insufficient to establish a genuine dispute of fact.  Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

  **B. There Is No Theory Of Supervisory Liability For Which Feeney Can Be Held Liable.**

The Plaintiff cannot establish any facts that would support a claim of supervisory liability against Feeney.  For purposes of Section 1983, supervisors sometimes may be held accountable for their subordinates' misdeeds.  See Camilo-Robles v. Zapata, 175 F.3d 41, 43 (1st Cir. 1999).  The First Circuit has held that supervisory liability requires an "affirmative link between the supervisor's conduct and the underlying section 1983 violation."  Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576,

3

583 (1st Cir. 1994). The issue, therefore, is whether the supervisor caused the constitutional violation to be committed by the subordinate officer. See Baker v. Putnal, 75 F.3d 190, 199 (5th Cir. 1996)(supervisory liability requires affirmative participation in act that causes constitutional deprivation).

Moreover, supervisory liability under § 1983 "cannot be predicated on a respondeat theory, but only on the basis of the supervisor's own acts or omissions." Seekamp v. Michaud, 109 F.3d 802, 808 (1st Cir. 1997). There is supervisory liability only if (1) there is subordinate liability, and (2) the supervisor's action or inaction was "affirmatively linked" to the constitutional violation caused by the subordinate. Id. (citing Lipsett v. University of Puerto Rico, 864 F.2d 881, 902 (1st Cir. 1988)). That affirmative link must amount to "supervisory encouragement, condonation or acquiescence, or gross negligence amounting to deliberate indifference."[3] Lipsett, 864 F.2d at 902.

---

[3] Sgt. Feeney testified in his deposition that he told Officer Eddings to take the Plaintiff into the bathroom and search him, that he thought Officer Eddings was going to strip search him, and that he believed there was probable cause to conduct a strip search. (Ex.C, at 34:21 – 35:1-7; 37:1-12). For purposes of this Motion, therefore, Sgt. Feeney concedes that there exists a sufficient affirmative link through his conduct or authorization to establish supervisory liability for the strip search but **not** for any alleged anal cavity search.

4

**1.  No witness can offer evidence that Feeney directed or was aware of the alleged cavity search.**

Nothing in the record supports an inference that Sgt. Feeney had any affirmative participation in ordering or was even aware of a cavity search.  Sgt. Feeney, who is of Irish and French-Canadian descent, is not Hispanic and does not speak Spanish.  (Ex. E).  Further, he has red hair and had red hair at the time of the search.  (Ex. E).  However, according to the Plaintiff, a "Hispanic cop" told [Defendant Eddings] to take him to the bathroom and "search him."  (Ex. A at 31:13-15).  The Plaintiff knows that the officer who told Eddings to "search him" is Hispanic "because he was speaking Spanish to us.  He was speaking Spanish to Jacqueline."  (Ex. B at 33:5-8).  The Plaintiff speaks Spanish.  (Ex. A at 33:21-13).  Further, the Plaintiff describes this Hispanic officer as having "light brown hair."  (Ex. A at 67:2-6).  Similarly, Jacqueline Lugo also claims that Eddings was ordered by a Spanish officer to escort the Plaintiff into the bathroom.  (Ex. D at 14:15).

The Plaintiff, therefore, cannot offer any evidence that Sgt. Feeney ordered the search, at all, much less a cavity search.  At most, the Plaintiff can establish that a Hispanic officer directed the search, which is not Sgt. Feeney.  Furthermore, the Plaintiff has no evidence that Sgt. Feeney was even aware of the statements by the Hispanic officer.

5

Even if a Hispanic officer did order a cavity search that in no way creates supervisory liability for Sgt. Feeney because there is nothing indicating that Sgt. Feeney was aware of or acquiesced to such an order. Accordingly, summary judgment should enter.

### 2. There is no evidence that Sgt. Feeney caused the alleged constitutional violation by Defendant Eddings.

Even if this Court attributes the statements of the "Hispanic officer," with light brown hair, who speaks Spanish, to Sgt. Feeney - who clearly is not Feeney - the statements do not support a reasonable inference that the officer caused the alleged deprivation of Plaintiff's constitutional rights.

According to the Plaintiff, the Hispanic officer told Defendant Eddings to take him to the bathroom and, simply, "search him." (Ex. A at 31:13-15.). Further, the Plaintiff says that Eddings was instructed by the Hispanic officer to "check him." (Ex. B at 14:5-8). Any evidence proffered by Jacqueline Lugo follows in the same vein. According to her statement to Internal Affairs,[4] Eddings was given an order by a Spanish officer to escort the Plaintiff into the bathroom. (Ex. D at 14:1-5). The Spanish officer told Eddings to check the Plaintiff because "the other one has some in his butt." (Ex.D

---

[4] IAD statements are not taken under oath and not admissible.

6

at 16:1-5). The Hispanic officer told Eddings to check Santiago's "butt, his behind." (Ex.D, at 17:9-11).

Taking the evidence in light most favorable to the Plaintiff, it is not a reasonable inference that the Hispanic officer directed, encouraged, condoned, acquiesced, knew of, or even should have known of Eddings' alleged conduct of inserting his finger into Plaintiff's anus. Such an instruction by that officer, to check the Plaintiff's "butt, his behind," when Mr. Lugo was found with drugs hidden in his buttocks area,[5] does not add up to ordering or even acquiescing to a cavity search.

Even if the Court finds that a Hispanic officer ordered a cavity search, summary judgment should still enter for Sgt. Feeney. That officer is not Sgt. Feeney and there is nothing indicating that Sgt. Feeney was aware of or acquiesced to such an order. Accordingly, summary judgment should enter.

### 3. Sgt. Feeney Told Eddings To "Search" The Plaintiff, which does not create supervisory liability for a cavity search.

There is no evidence that Sgt. Feeney caused an alleged cavity search of the Plaintiff. The uncontradicted evidence is that Sgt. Feeney told Officer Eddings "to take Mr. Santiago into the bathroom and search him." (Ex. C at 34:21-22). Sgt. Feeney thought that Officer Eddings was going to strip search the Plaintiff. (Ex.C at 34:23 - 35:1). Sgt. Feeney intended that

---

[5] See Ex. D at 16:1-5 and Ex. C at 22:8-22.

7

Eddings do a strip search.  (Ex. C at 34,35:23-1).  Accordingly, there is no evidence that Sgt. Feeney directed, encouraged, condoned, acquiesced, knew of, or even should have known of Eddings' alleged conduct of inserting his finger into Plaintiff's anus.  See Gutierrez Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989).  Further, no evidence or facts suggest the Sgt. Feeney took any affirmative steps to authorize a cavity search.

Accordingly, there are no genuine issues as to any material fact and Sgt. Feeney is entitled to judgment as a matter of law.

**III. CONCLUSION**

For the forgoing reasons, Sgt. Feeney respectfully moves this Honorable Court for dismissal by summary judgment as to all counts of the Plaintiff's Complaint against him.


[signature next page]

>Respectfully submitted,
>
>DEFENDANT, WILLIAM J. FEENEY
>William F. Sinnott
>Corporation Counsel
>
>By his attorneys:
>
>/s/ Thomas Donohue
>Thomas Donohue, BBO #643483
>Helen G. Litsas, BBO# 644848
>Assistant Corporation Counsel
>City of Boston Law Department
>Room 615, City Hall
>Boston, MA 02201
>(617) 635-4039 (Donohue)
>(617) 635-4023 (Litsas)

Dated: November 2, 2006

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to L.R. D. Mass. 7.1(A)(2), I hereby certify that on November 1, 2006, as counsel for the Defendant, I communicated with Stephen Hrones, counsel for the plaintiff, regarding the above motion but we were unable to narrow the issue.

>/s/ Thomas Donohue
>Thomas Donohue

### CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 2, 2006.

>/s/ Thomas Donohue
>Thomas Donohue