UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IVAN SANTIAGO,            )<br>         Plaintiffs,                 )<br>                                     )<br>v.                                  )<br>                                     )<br>WILLIAM J FEENEY, MARCUS,  )<br>EDDINGS, and the CITY OF BOSTON,  )<br>         Defendants             )<br>                                     ) | C.A No. 04-10746 JLT |

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

The plaintiff submits the following as his proposed jury instructions:

**42 U.S.C. § 1983 – Civil Rights Act.** The plaintiff has filed this action, in part, under a provision of the United States Code, Title 42, section 1983, which gives a person the right to bring a lawsuit, and seek redress by way of money damages, for a violation of a constitutional right by a police officer acting in an official capacity. In order to prevail on this claim, the plaintiff must prove two things:
    1) that the defendants acted under color of state law; and
    2) that the defendants deprived the plaintiff of one or more constitutional rights.[1]
State law provides a similar remedy.

**Color of Law.** "Acting under color of law" simply means acting in one's capacity as a police officer. There is no dispute that the defendants in this case were acting under color of law at the time of this incident, and you must find this element to have been established.

**No Specific Intent Required.** It is not necessary in a case like this to find that the defendants had any specific intent to deprive the plaintiff of his constitutional rights, or that they acted with malice or ill will in order to find for the plaintiff. The plaintiff is entitled to relief if a defendant acted in a manner which then resulted in a violation of his constitutional rights. Whether any of the officers acted with subjective good faith is irrelevant.[2]

---

[1] 42 U.S.C. § 1983; *Gomez v. Toledo*, 446 U.S. 635 (1980); *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Monroe v. Pape*, 365 U.S. 167 (1961).
[2] *Monroe*, 365 U.S. at 16; *Hudson v. New York City*, 271 F.3d 62 (2d Cir. 2001) (reversing judgment for defendants where court instructed jury that an intentional violation of constitutional rights was required).

1

**Fourth Amendment-Search and Seizure.** The plaintiff claims that the defendants violated his rights under the Fourth Amendment to the United States Constitution. The Fourth Amendment reads:

> The right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Every person has the constitutional right to be free from unreasonable search and/or seizure of his or her person by law enforcements agents. You must determine whether any searches which you find to have taken place were reasonable under constitutional standards.

You should also take into account all of the facts and circumstances which were known, or should have been known, to the defendants when you are assessing their liability to the plaintiff. The question you must answer is whether in the face of such facts and circumstances a given defendant treated the plaintiff unreasonably and violated his constitutional rights, which shall be defined for you.[3]

**Fourth Amendment–Excessive Force.** Citizens of the United States are protected against the use of excessive force by the Fourth Amendment of the Constitution. The reasonableness of a particular use of force depends not only on when it is made but also on how it is carried out. That use of force must be judged from the perspective of a reasonable officer on the scene. The question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting the officer, without regard to the underlying intent or motivation of the officer.[4]

**Body Cavity Search-Generally.** A body cavity search is a type of intrusive search which includes some degree of touching or probing of body cavities.[5] Because a body cavity search is extremely invasive, a much higher degree of probable cause is required to conduct this kind of a search than a regular search of someone's person. Body cavity searches require probable cause that an individual is hiding drugs in his person, and must be conducted pursuant to a warrant.[6] Where there are no exigent circumstances present, the severity of the personal intrusion manifested by body cavity searches requires that they be conducted by a doctor in a private and hygienic setting and in a medically approved manner.[7]

**Requirements for Intrusive Search.** The Fourth Amendment requires that searches be conducted in a reasonable manner, giving protection to the privacy rights of the person searched. This requires consideration of the way in which any search is conducted and

---

[3] *Roberts v. Hollocher,* 664 F.2d 200 (8th Cir. 1981).
[4] *Torres-Rivera v. O'Neill-Cancel*, 406 F.3d 43, 47-48 (1st Cir. 2005).
[5] *Wood v. Hancock County Sheriff's Dep't*, 354 F.3d 57, 63 (1st Cir. 2003)
[6] *Rodriques v. Furtado,* 950 F.2d 805, 811 (1st Cir. 1991) ("The First Circuit has expressed its revulsion for body cavity searches not supported by probable cause.")
[7] *Id.*

2

the nature of the place where it is done.  For instance, consideration must be given to whether a search on the street is more intrusive than a search in the privacy of a police station.

Intrusive searches must be designed to minimize emotional and physical trauma. . An intrusive search must be done in a sanitary and medically approved manner.  You must determine whether in this case reasonable steps were taken in this respect.[8]

**Place of Intrusive Search – Exigency.**   To the extent that deeply intrusive searches are ever reasonable outside the custodial context, it must only be to prevent imminent and serious harm. [9]

To conduct an involuntary body cavity search of a person who is not in a custodial setting, such as a jail or detention facility, "requires both probable cause and especially exigent circumstances."  By exigent circumstances, I mean an imminent threat to the safety or the lives of the police officers or others, or a substantial likelihood that evidence will be destroyed, which would not permit the officers to postpone the search or move the person to another location to do the search.  In determining whether the risk of evidence destruction creates especially exigent circumstances, you must take into account what means were available to the officers other than conducting an immediate body cavity search.  The officers are required to use the least intrusive means reasonably available, and you should not find that exigent circumstances existed if other means for preserving evidence were reasonably available.[10]

**Credibility of Witnesses.**  There was quite a bit of testimony from different police officers in this case.  The testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating his credibility you should use the same guidelines which you apply to the testimony of any witness.  You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and you should weigh and balance it just as carefully as you would the testimony of any other witness.  You should not give either greater or lesser credence to the testimony of a witness merely because he is a law enforcement officer.[11]

**Bias of Officials as Witnesses.**  Several of the witnesses are still employed by the City of Boston and hence are interested witnesses in the outcome of this case.  Their relationship with and employment by the City of Boston are matters for you to consider, together with your observation of the witnesses and the testimony you have heard, in determining whether they are biased in favor of the defendants, and what weight you will give to their testimony.

---

[8] See *Illinois v. Lafayette*, 462 U.S. 640, 645 (1983) ("Police conduct that would be impractical or unreasonable – or embarrassingly intrusive – on the street can more readily – and privately – be performed at the station.")

[9] *New Jersey v. T.L.O.,* 469 U.S. 325, 341-42, 382 n. 25 (1985); *Burns v. Loranger*, 907 F.2d 233 (1st Cir. 1990) (upholding strip search of woman at a residence based on probable cause and exigent circumstances due to her repeated requests to use the bathroom).

[10]  See *Timberlake by Timberlake v. Benton*, 786 F. Supp. 676, 691-92 (M.D. Tenn. 1992).

[11] *Roberts v. Hollocher*, 664 F.2d at 200; *Darbin v. Nourse*, 664 F.2d 1109 (9th Cir. 1981); *Bush v. United States*, 375 F.2d 602, 605 (D.C. Cir. 1967).

3

**Massachusetts Civil Rights Act.** The plaintiff has prevailed on a Massachusetts Civil Rights Act claim when he shows, by a preponderance of the evidence, that his civil rights were violated by threats, intimidation, or coercion. The Massachusetts Civil Rights Act is co-extensive with §1983.[12] Therefore, if you find for the plaintiff on a Fourth Amendment claim then you must also find for him on his Massachusetts Civil Rights Act claim.

**Compensatory Damages.** The fact that the plaintiff's rights are found to have been violated in and of itself entitles him to actual damages. Therefore, if you decide for the plaintiff on the issue of liability, you must then fix the amount of money damages that will reasonably and fairly compensate him for any harm which the wrongful conduct of the defendants was a substantial factor in bringing about.

> Among the elements of injury and harm which you should consider are:
> a. Any physical harm to the plaintiff during and after the incident, including ill health, physical pain, disability, or discomfort.
> b. Any emotional and mental harm to the plaintiff during and after the incident, including fear, humiliation, and mental anguish, and any emotional harm, fear, or mental anguish that plaintiff will, with reasonable certainty, suffer in the future.

**Punitive Damages.** You must also decide whether the plaintiff is entitled to the award of any punitive damages. The function of punitive damages is to punish the defendants for malicious conduct and to deter similar conduct by others. Whether you decide to award any punitive damages should be based on whether you find that the defendants acted willfully, deliberately, maliciously, or with reckless disregard for the plaintiff's constitutional rights. If you find that they have done one of those things, then you should award punitive damages.

Punitive damages may be awarded even if the violation of plaintiff's rights resulted in only nominal compensatory damages. That is, even if the plaintiff can show no damages or other injury as a result of the defendants' actions, if these actions were deliberate, willful, or made with reckless disregard for plaintiff's rights, punitive damages are appropriate.[13]

**Interest – 42 U.S.C. § 1983.** If you have determined that compensatory damages should be awarded to the plaintiff, you must also decide whether to award interest. This lawsuit was begun years ago, and you may award interest from that time to the present on the sum which you have decided is an appropriate compensatory damage award. Whether you do award interest should depend upon whether you conclude that interest is necessary to compensate the plaintiff fully for any injury suffered, bearing in mind that

---

[12] See *Batchelder v. Allied Stores Corp.*, 393 Mass. 819, 822-23 (1985); *Canney v. Chelsear*, 925 F. Supp 58, 68 (D. Mass 1996).

[13] *Smith v. Wade*, 461 U.S. 30 (1983); *Adickes v. S.H. Kress & Co.*, 389 U.S. 144, 234 (1970) (Brennan, J., concurring); *Cochetti v. Desmond*, 572 F.2d 102, 105-06 (3d Cir. 1978); *Guzman v. Western State Bank*, 540 F.2d 948, 953 (8th Cir. 1976); *Stolberg v. Bd. of Trustees*, 474 F.2d 485 (2d Cir. 1973); *Batista v. Weir*, 340 F.2d 74 (3d Cir. 1965).

the plaintiff have not had the use of the damages you award during the time this litigation has been pending.

    If you do award interest, the actual sum will be computed by the clerk at the rate provided by the law.[14]

                                                                    Respectfully Submitted
                                                                    Ivan Santiago
                                                                    By his attorneys,

                                                                    <u>//s// Jessica D. Hedges</u>
                                                                  Stephen B. Hrones
                                                                    BBO # 242860
                                                                    Jessica D. Hedges
                                                                   BBO # 645847
                                                                   Hrones, Garrity & Hedges
                                                                   Lewis Wharf – Bay 232
                                                                   Boston, MA  02110-3927
                                                                   (617) 227-4019


## CERTIFICATE OF SERVICE

    I, Jessica D. Hedges, hereby certify that, on this the 3rd day of November, 2006, I have caused to be served a copy of this document, where unable to do so electronically, on all counsel of record in this matter.

                                                                    <u>//s// Jessica D. Hedges</u>
                                                                    Jessica D. Hedges

---

[14] *Furtado v. Bishop*, 604 F.2d 80 (1st Cir. 1980).