# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   04 CV 10746 JLT

IVAN SANTIAGO,
          Plaintiff

v.

WILLIAM J. FEENEY, MARCUS
EDDINGS
          Defendants

## DEFENDANT MARCUS EDDINGS' PROPOSED JURY INSTRUCTIONS

Now comes the Defendant in the above-captioned action, Marcus Eddings ("Defendant"),

and respectfully submits the following requests for jury instructions.  The Defendant further

reserves his rights to supplement, modify or make deletions from the attached jury instructions

as may become appropriate during the course of trial.  The Defendant will submit such requests

seasonably in advance of the Court's charge.  The Defendant also stateS that these proposed jury

instructions are being submitted without waiving, and without prejudice to, any Motion for

Judgment as a Matter of Law.

Respectfully submitted,
DEFENDANT MARCUS EDDINGS
By his attorney:


/s/ Helen G. Litsas
Thomas Donohue, BBO #643483
Helen G. Litsas, BBO# 644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4039 (Donohue)
(617) 635-4023 (Litsas)

Dated: November 5, 2006


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 5, 2006.


/s/ Helen G. Litsas
Helen G. Litsas


## INSTRUCTION 1

## **Probable Cause**

Probable cause exists when "given all the circumstances, there is a fair probability that contraband or evidence will be found in the place described".  <u>U.S. v. Moore</u>, 790 F.2d 13, 15 (1st Cir 1986) quoting <u>United States v. White</u>, 766 F.2d 22, 25 (1st Cir.1985).  In this case, this Court has already decided that the Defendant had probable cause to strip search the Plaintiff. <u>Memorandum and Order</u>, Document 37, July 26, 2005, p. 4 (allowing Defendants' motion for summary judgment).   The issue of the strip search, therefore, is not for you to decide. You are only here to deciude whether the Defendat, Marcus Eddings, inserted his finger into the Plaintiff's buttocks.

## INSTRUCTION NO. 2
## Claim Under Federal Civil Rights Section 1983

The Federal Civil Rights Section 1983 Fourth Amendment Claim in a Section 1983 civil rights action, such as this one, the burden of proof is on the Plaintiff , Ivan Santiago, to "prove by a reponderance of the evidence that he or she was deprived of a right secured by the United States Constitution by a person acting under the color of state law."  In the present case, the Plaintiff must prove by a preponderance of the evidence that the Defendant, Marcus Eddings, violated his Fourth Amendment rights by insereting his finger into the Plaintiff's buttocks. Tatro, 41 F.3d at 14.  If the evidence is equally balanced as to any of the essential elements of the Plaintiff's claims against the Defendant, Marcus Eddings, then you must find for the Defendant.

Tatro v. Kervin, 41 F.3d 9,14 (1st Cir. 1994), *citing* Pittsley v. Warish, 927 F.2d 3, 6 (1st Cir.), *cert. denied*, 502 U.S. 879 (1991); Fernandez v.Rapone, 926 F. Supp. 255, 260; (D.Mass. 1996).  Greenbelt Cooperative Publ. Assoc. v. Bresher, 398 U.S. 6, 19 (1970) (White, J., concurring); Borelli v. Top Value Enterprises, 356 Mass. 110, 113 (1969).

**INSTRUCTION NO. 3**
**Massachusetts Civil Rights Act**

  The Plaintiff, Ivan Santiago, claims the Defendant, Maarcus Eddings, also violated the Massachusetts Civil Rights Act, Mass.G.L. Chapter 12, Sections 11H and 11I ("MCRA"). The Massachusetts Civil Rights Act, M.G.L. c.12, §11I and 42 U.S.C. §1983 are similar statutes. A person states a claim under §11I upon showing: (1) threats, intimidation or coercion that (2) lead to violation of a federal or Commonwealth constitutional right or statutory provision. Like §1983 MCRA requires an actual deprivation of constitutional rights.

Therrien v. Hamilton, 849 F.Supp. 110, 115 (D.Mass. 1994); Lyons v. National Car Rental Systems, Inc. (of Delaware), 30 F.3d 240, 246 (1st Cir. 1994); Biggins v. Hazen Paper Co., 953 F.2d 1405, 1425 (1st. Cir 1992), cert. denied 505 U.S. 1222 (1992).

## INSTRUCTION  NO. 4
### Constitutional Violation - MCRA - Elements

The elements or standards that are needed to prove a federal civil rights violation are the same under the Massachusetts civil rights law, except for one difference.  Under the Massachusetts civil rights law the Plaintiff has one additional element he must prove. He must also prove the alleged denial of the Plaintiff's civil rights by the Defendant was accomplished by threats, coercion, or intimidation.  A threat simply means saying or gesturing, in effect, if you don't do this, then something will happen to you.  Coercion is making someone do something they are unwilling to do.  Intimidation is scaring them into doing something or refraining from doing something that otherwise they would do.  If you find threats, coercion, or intimidation, by physical confrontation or contact, and then find as a natural consequence of the threats, coercion and intimidation that the Plaintiff was deprived of any of the civil rights I've talked about, then he has proved a violation of the Massachusetts civil rights statute.  See Bell v. Mazza, 394 Mass. 176 (1985); Murphy v. Town of Duxbury, 40 Mass. App. Ct. 513, 518 (1996); Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass 467, 47

**INSTRUCTION NO. 5**
**Proximate Cause**

      For the Defendant to be liable for damages, the Plaintiff must prove by a preponderance of the evidence that any alleged injury he suffered was proximately caused by the conduct of the Defendant, Marcus Eddings.  That is, you cannot find that the Defendant violated the Plaintiff's constitutional rights unless you find that there is a sufficient causal connection between the Defendant's acts and the Plaintiff's alleged injury.  To determine whether there is proximate cause, you must determine whether there is an affirmative link between the Defendant's acts and the alleged injury.

Fernandez v. Chardon, 681 F.2d 42, 55 (1st Cir. 1982), aff'd Chardon v. Soto, 462 U.S. 650 (1983);  Rizzo v. Goode, 423 U.S. 362, 371 (1976).

## **INSTRUCTION NO. 6.**
### **Damages**

As with most other aspects of this case, Plaintiff bears the burden of proving to you by a preponderance of the evidence that any damages he claims to have suffered came as a direct result of any illegal conduct you find by the Defendant Marcus Eddings. To receive such damages, the Plaintiff must prove to you with a reasonable certainty that the damages he claims were actually caused by the Defendant Marcus Eddings and not caused by other factors.

Damages based on the abstract "value" or "importance" of constitutional rights are not a permissible element of compensatory damages in such cases.  Memphis Community School Dist. v. Stachura, 477 U.S. 299, 306-308, (1986).

You also are not permitted to award speculative damages, which means damages based upon conjecture or guess. Accordingly, if the evidence that the Plaintiff offers with respect to damages it too remote, speculative or hypothetical, then you must find that he is not entitled to any recovery.

3 O'Malley et al., Federal Jury Practice and Instructions, §128.80 (5th ed. 2000); Conway v. Electro Switch Corp., 402 Mass. 385 (1988).

**INSTRUCTION NO. 7**
**Background Evidence/Limitations**

The plaintiff, Ivan Santiago, cannot recover any damages from the Defendant Marcus Eddings
for any Fourth Amendment claim that is based on the Plaintiff's strip search or for the execution
of the search warrant of 58 Cheney Street, Apartment #5 on March 20, 2003 which this Court
has already decided was lawful.  You are only here to decie whether the Plaintiff hasd proved by
a preponderance of the evidence that Defendant Marcus Eddings inserted his finger into the
Plaintiff's buttocks.  Evidence regarding the strip search and the police execution of the search
warrant were introduced only to provide background for you on the current claims.


Bennett v. City of Holyoke, 230 F.Supp.2d 207 (D. Mass. 2002), aff'd 362 F.3d 1 (1st
Cir. 2004); Sabree v. United Bhd. Of Carpenters & Joiners, Local No. 33,
921 F.2d 396, 400 at n. 9 (1st. Cir. 1990).

## INSTRUCTION NO. 8
## Compensatory Damages

There are two kinds of compensatory damages. The first is economic damages, and they must have adequate evidentiary support such as medical bills and lost wages.

Havinga v. Crowley Towing and Transportation Co., 24 F.3d 1480, 1489 (1st Cir. 1994); Koster v. Trans World Airlines, 181 F.3d 24, 34 (1st Cir. 1999).

The second kind of compensatory damages is non-economic damages. These damages include awards for such injuries as pain and suffering; loss of capacity for enjoyment of life and/or emotional distress and while they are more difficult to calculate, the presence or lack of evidence is relevant to your calculations. You may consider whether there was testimony or documents introduced to indicate medical or psychiatric treatment, the use of any expert testimony, length of any injury, whether it was permanent or temporary; nature of such injury; and how such injury impacted, if at all, upon the plaintiff's participation in any particular activities whether professional, recreational or personal. The lack of such evidence is relevant to the amount of the award.

Koster v. Trans World Airlines et al., 181 F.3d 24, 35-36 (1st Cir. 1999); Havinga v. Crowley Towing and Transportation Co., 24 F.3d 1480, 1488-1489 (1st Cir. 1994); Sanchez v. Puerto Rico Oil Co., 37 F.3d 712, 724 (1st Cir. 1994) and Smith v. Kmart Corp., 177 F.3d 19, 31 (1st Cir. 1999).

**INSTRUCTION NO. 9**
**Mental Distress -Damages**

A claim of mental suffering should not result in a windfall to the Plaintiff. Damages for mental distress are only available where there is actual proof of objectively recognizable damages. This standard requires the showing of "medically cognizable psychological distress" caused by a Defendant's conduct. Plaintiffs are not entitled to damages for mental distress where their testimony of "psychological discomfort" is not corroborated.


Perez v. Rodriguez Bou, 575 F.2d 21, 25 (1st Cir. 1978); Carey v. Piphus, 435 U.S. 247, 264 (1978).

## INSTRUCTION NO. 10
## Punitive Damages

There is a different standard for punitive damages as opposed to compensatory damages. It should be presumed that a plaintiff has been made whole for his injuries by compensatory damages, so punitive damages should only be awarded if the defendants' conduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

In order for you to award punitive damages to Broderick against Evans individually, on Counts I and II only, Broderick must have proved to you by a preponderance of the evidence that Evans' conduct was motivated by evil intent, or by reckless or callous indifference to Broderick's constitutional rights. Acts by Evans must have been egregious or outrageous to meet this standard.

Thus the state of mind required by Evans for you to find the violation itself differs importantly from the state of mind required by Evans to justify punitive damages.

The first relates only to the conduct, an intent to do the act; the state of mind required for punitive damages relates to the consequence, the egregiousness of the civil rights violation.

3 O'Malley et al., Federal Jury Practice and Instructions, §128.81 (5th ed. 2000); Kolstad

12

## INSTRUCTION NO. 11.
## GENERAL INSTRUCTIONS

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevantunder the law for your consideration.

On these legal matters, you must take the law as I give it to you. If an attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

3 O'Malley et al., Federal Jury Practice and Instructions, §103.01 (5th ed. 2000).

## INSTRUCTION NO. 12.
### Burden of Proof

Each of the claims alleged by the Plaintiff, Ivan Santiago, has certain elements or requirements. In order to prevail, Plaintiff has the burden of establishing by a preponderance of the evidence facts that prove each and every element of each and every claim against the Defendant, Marcus Eddings. To "establish by a preponderance of the evidence" means to prove something is more likely so than not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. If Plaintiff fails to establish by a preponderance of the evidence any fact necessary to prove his claims against the the Defendant, Marcus Eddings, then you must find in favor of the Defendant, Marcus Eddings, on that claim.

3 O'Malley et al., Federal Jury Practice and Instructions, §104.01 (5th ed. 2000).

## INSTRUCTION NO. 13.
### Basis for Verdict

Your verdict in this case cannot be governed by sympathy or prejudice or any motive whatsoever except a fair and impartial consideration of the evidence, and you must not allow any sympathy that you may have for any party to influence you in any degree in arriving at your verdict.

Allen v. Seacoast Products, Inc., 623 F.2d 355, 365 n. 23 (5th Cir. 1980); Loeb v. Textron, Inc., 600 F.2d 1003, 1012 n.6 (1st Cir. 1979); Pollard v. Re Magnet Wire Co., Inc., 824 F.2d 557, 560 (7th Cir. 1987), cert. denied, 484 U.S. 557 (1987).

## INSTRUCTION NO. 14.
## Basis for Verdict

The Plaintiff, Ivan Santiago, has not carried his burden of proof if, after you have considered all of the evidence, you find that it is just as reasonable to find in favor of the Defendant, Marcus Eddings

<u>Corsetti v. Stone Co.</u>, 396 Mass. 1, 24, 483 N.E.2d 793, 806 (1985).

## INSTRUCTION NO. 15.
## Basis for Verdict

If you are unable to determine whether the Plaintiff, Ivan Santiago's allegations have been proved or not proved, then the Plaintiff, Ivan Santiago, has failed to carry his burden of proof by a preponderance of the evidence and you must return a verdict for the Defendant, Marcus Eddings.

Juneau Square Corp., First Wisconsin National Bank, 475 F. Supp. 451, 460 (E.D. Wis. 1979), aff'd, 624 F.2d 798 (7th Cir., 1980), cert. denied, 449 U.S. 1013 (1980).

## INSTRUCTION NO. 16.
### Evidence

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved. The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proved the fact or event that has been judicially noticed. Unless otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses which you have heard, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, all facts which have been admitted or stipulated to by the parties, and all facts and events which may have been judicially noticed. On several occasions throughout this trial, you will have heard the attorneys for both parties object to a question posed by the opposing attorney to a witness. When such an objection is sustained by the Court, any evidence ordered stricken by the Court must be entirely disregarded. If evidence was admitted under a limitation for a specific purpose, you may consider the evidence only for that limited purpose, and you must ignore that evidence for all other purposes.

3 O'Malley et al., Federal Jury Practice and Instructions, §103.30 (5th ed. 2000)

# INSTRUCTION NO. 17
## Evidence

There are two kinds of evidence. One is direct evidence, such as the testimony of an eyewitness. The other is circumstantial, that is where one fact points or leads to another. For example, if a person enters this courtroom wearing a wet coat and shoes, that is circumstantial evidence that it is raining outside. Other explanations may exist, but rain is a reasonable one, and this is circumstantial evidence. Therefore, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of your common experience. In other words, you may make deductions and reach conclusions which your reason and common sense lead you to draw from the facts which have already been established by the testimony and evidence in the case.

3 O'Malley et al., Federal Jury Practice and Instructions, §§104.05, 104.20 (5th ed. 2000)

## INSTRUCTION NO. 18.
### Credibility

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, or by the manner in which the witnesses testified, or by the character of the testimony given, or by evidence to the contrary of the testimony given. You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor while on the stand. Consider the witness' ability to observe the matters as to which s/he has testified, and whether s/he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted
by other evidence in the case.

3 O'Malley et al., Federal Jury Practice and Instructions, §105.01 (5th ed. 2000)

## INSTRUCTION NO. 19.
### Credibility

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood. After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves. Therefore, in deciding whether to believe a witness' testimony, you can consider whether the witness has made an inconsistent statement on an earlier occasion. To consider the earlier statement in considering the witness' credibility, the earlier statement need not directly contradict the testimony at trial, but must only have implications which tend in a different direction. If a witness' testimony at trial is different from her/his earlier statement, you can consider that in determining how much weight to give to any of her/his testimony, and not just to the testimony on which the inconsistency exists.

3 O'Malley et al., Federal Jury Practice and Instructions, §105.01 (5th ed. 2000);Commonwealth v. Granito, 326 Mass. 494, 501, 95 N.E.2d 539, 543 (1950).

## INSTRUCTION NO. 20
### Impeachment

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves. If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

3 O'Malley et al., Federal Jury Practice and Instructions, §105.04 (5th ed. 2000)

## <u>INSTRUCTION NO. 21.</u>
### <u>Deposition Testimony</u>

Any party may present deposition testimony of either the testifying witnesses or of witnesses legitimately not available for trial. Deposition testimony is entitled to the same consideration, and is to be judged as to credibility and weighed, and otherwise considered by you, in so far as possible, in the same way as if the witness had been present and had testified from the witness stand.

3 O'Malley et al., Federal Jury Practice and Instructions, §105.02 (5th ed. 2000).

## INSTRUCTION NO. 22.
### Objections

As I have mentioned, at various times throughout the trial, there have been objections by the lawyers for the parties to questions asked of witnesses and to documents and items offered in evidence. You should have no resentment toward any lawyer who raised these objections. In the interest of justice and in their duty to represent their respective clients, they were fully entitled to raise these objections when they believed it was appropriate.

3 O'Malley et al., Federal Jury Practice and Instructions, §102.71 (5th ed. 2000).
 6, n.9 (1994).