UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   04 CV 10746 JLT

IVAN SANTIAGO,
    Plaintiff

v.

WILLIAM J. FEENEY, MARCUS EDDINGS
    Defendants

## DEFENDANTS' MOTION TO QUASH SUBPOENA AND MOTION IN LIMINE TO EXCLUDE MARY CHRISTOFIORI

The Defendant, Marcus Eddings, hereby moves this Honorable court (1) to quash the subpoena served upon the Boston Police Department today on November 7, 2006; and (2) to exclude the testimony of Mary Christofori.  As grounds therefore, the Defendant states that the subpoena, which was issued without prior notice to Defendants' counsel, is unreasonable, improper, irrelevant to the issues at hand, and consists of an eleventh hour attempt to conduct discovery during the midst of trial of the above-captioned matter.  See Exhibit A, Subpoena of Mary Christofori.  The Defendant also states that the individual sought by such subpoena is not on the parties' Joint Witness List and the Plaintiff failed to disclose this individual pursuant to all three parts of Local Rule 43.1(B).  Mary Christofori should be precluded from testifying at trial.

### I.   Plaintiff's Subpoena Must Be Quashed Pursuant to Fed. R. Civ. P. 45(3)(A)(i) and (iv)

Now, in the midst of trial, without prior notice or service provided to Defendant's counsel, Plaintiff issued a subpoena today, November 7, 2006, compelling the attendance of an employee of the Boston Police Department's Latent Prints Division, a Mary

Christofori, to attend the trial of this matter tomorrow, November 8, 2006, and to produce for inspection latex gloves as well as any reports or examination or gloves. Defendant moves to quash this subpoena pursuant to Fed. R. Civ. P. 45(3)(A)(i) and (iv) because Plaintiff has not provided reasonable time for compliance of this motion and because compliance with such subpoena poses an undue burden upon Ms. Christofori. Plaintiff's subpoena has been issued to Ms. Christofori requiring her appearance in less than twenty-four hours to trial of the above-captioned matter.

Strikingly, Plaintiff also failed to inform Defendant's counsel of such subpoena and failed to provide proper service to the Defendants of such subpoena. It was only at the close of trial testimony today did Defendants' counsel learn of Plaintiff's eleventh hour subpoena from the Boston Police Department Legal Advisor's Office.

Additionally, Ms. Christofori should be excluded from testifying because Plaintiff did not include Ms. Christofori on the <u>Joint Witness List</u>, filed by the parties on November 3, 2006. <u>Document 63</u>. Moreover, at no point today, Tuesday, November 07, 2006, did the Plaintiff notify either the Court or the Defendant that he intends to call Ms. Christofori as a witness at trial.

**II.     Plaintiff failed to comply with Local Rule 43.1(B)**

Plaintiff did not comply with Local Rule 43.1 (B)(1), which demands that "Each party shall give advance notice to the judicial officer and the other parties, before jury selection, of the identity of all witnesses whose testimony it may offer during trial...." Local Rule 43.1 (B)(1).

Plaintiff also failed to comply with Local Rule 43.1 (B)(2), which demands that not later than two (2) days before it seeks to use the testimony of any witness … a party

shall advise the judicial officer and all other parties of its intent to use the testimony of the witness on a specified day.  Local Rule 43.1 (B)(2).

Further, no party shall be allowed to use the testimony of a witness other than the witness already listed on the filing with the court before trial commences.  See Local Rule 43.1 (B)(3)(A).   Plaintiff has also failed to comply with this rule.

**III.     Any testimony by Ms. Christofori would be irrelevant and in violation of this Court's order precluding "irrelevant and unnecessary plaintiff witnesses"**

In no way has the Plaintiff established the relevance of this individual's testimony.  This Court allowed the Defendant's motion in limine regarding Plaintiff calling unnecessary and irrelevant witnesses.  See Order, Document 57, para. 3; Defendant's motion in limine, Document 49.

**IV.     The Jury was not notified that Ms. Christofiori might testify at trial**

Ms. Christofiori is not on the witness list.  Accordingly, the Jury was not read his name as a potential witness that might testify at trial.  Thus, there is a risk a juror might be acquainted with this individual.

For the foregoing reasons, therefore, Defendant requests that the subpoena produced herein be quashed and that Plaintiff should be precluded from calling Ms. Christofiori as a witness at trial.

        Respectfully submitted,
        DEFENDANT MARCUS EDDINGS
        By his attorneys:


        /s/ Helen G. Litsas
        Thomas Donohue, BBO #643483
        Helen G. Litsas, BBO# 644848
        Assistant Corporation Counsel
        City of Boston Law Department
        Room 615, City Hall
        Boston, MA 02201
        (617) 635-4039 (Donohue)
        (617) 635-4023 (Litsas)

Dated: November 7, 2006


## CERTIFICATE OF SERVICE

    I hereby certify that this document was filed through the ECF system and therefore will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 7, 2006.


        /s/ Helen Litsas
        Helen Litsas