## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   04 CV 10746 JLT

IVAN SANTIAGO,
    Plaintiff

v.

MARCUS EDDINGS
    Defendants

## DEFENDANT MARCUS EDDINGS' MOTION FOR JUDGMENT AS A MATTER OF LAW AT THE CLOSE OF PLAINTIFF'S EVIDENCE

Now comes the Defendant Marcus Eddings pursuant to Fed.R.Civ.P.50(a) and

moves for judgment as a matter of law in his favor as to all claims against him.

As grounds therefore, Defendant Eddings states the following.

I.  **THERE IS INSUFFICIENT EVIDENCE OF A VIOLATION OF 42 U.S.C §1983 BY MARCUS EDDINGSDANIEL RYAN USING EXCESSIVE FORCE**

First, there is insufficient evidence that Marcus Eddings violated the Plaintiff's

rights under the Fourth Amendment by inserting his finger into the Plaintiff's rectum on

March 20, 2003.   Plaintiff's Section 1983 claim, therefore, fails.

Second, even assuming there was evidence that Marcus Eddings committed the

alleged act, there has been insufficient evidence introduced to establish that the Plaintiff

suffered a significant injury which resulted directly or only resulted from this alleged act.

Dean v. City of Worcester, 924 F.2d 364, 367 (1st Cir.1991); Gaudreault v. Municipality

of Salem, Mass., 923 F.2d 203, 205 (1st Cir.), cert. denied, 500 U.S. 956 (1990).



1

**II.    THERE IS INSUFFICIENT EVIDENCE OF A VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT M.G.L. C.12 §11I**

Just as Plaintiff's Section 1983 claim fails, so does his claim under the Massachusetts Civil rights act. Moreover, there has been insufficient evidence to show that Defendant Eddings violated the Plaintiff's constitutional rights by threats, intimidation or coercion. A direct violation of a person's rights does not by itself involve threats, intimidation, or coercion and thus does not implicate the Act. Longval v. Commissioner of Correction, 404 Mass. 325, 333 (1989).

There has been insufficient evidence to show that Defendant Ryan violated the Massachusetts Civil Rights Act, in that the action complained of involved direct action against the Plaintiff which by itself does not amount to a violation of the MCRA. Longval, 404 Mass. at 333; Layne v. Superintendent, Mass. Correctional Institution, Cedar Junction, 406 Mass. 156, 158 (1989); Pheasant Ridge Association Limited Partnership v. Burlington, 399 Mass. 771, 781 (1987).

**IV.    THERE IS INSUFFICIENT EVIDENCE RELATING TO DAMAGES**

There has been insufficient evidence to show that the alleged injuries sustained by the Plaintiff were proximately caused by the conduct of Defendant Eddings. Fernandez v. Chardon, 681 F.2d 42, 55 (1st Cir. 1982).

*Wherefore*, Defendant Marcus Eddings respectfully requests that this Honorable Court grant his motion and enter a verdict in his favor on all counts and claims, with prejudice.

2

Respectfully submitted,
DEFENDANT MARCUS EDDINGS
William F. Sinnott
Corporation Counsel

By his attorneys:


/s/ Helen G. Litsas
Thomas Donohue, BBO #643483
Helen G. Litsas, BBO# 644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4039 (Donohue)
(617) 635-4023 (Litsas)

Dated: November 8, 2006


## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 8, 2006.

/s/ Helen G. Litsas
Helen G. Litsas

3